# CASES

IN THE

# SUPREME COURT OF ALABAMA.

DECEMBER TERM, 1877.

## Williams, Birnie & Co. *et al. v.* Bass.·

*Bill in Equity to Enjoin sale of Land ; to Annul a Conveyance, and to Enforce Vendor's Lien.*

1. *Statutory separate estate ; conveyance of, by wife to pay husband's debts; void as to whom.*—A married woman can not mortgage or convey her statutory estate in payment of the husband's debt; and whatever shape the transaction is made to assume, if its purpose and effect are an appropriation of the statutory estate in payment of such debt, the transaction is void as to all persons except *bona-fide* purchasers for value without notice.

2. *Same ; purchasers without notice ; oral proof as to manner of paying note ; decree directing deed and mortgage to be annulled, &c.*—The husband was indebted to S. & S., commission merchants, for losses in "cotton futures," which *·*contract S. & S. had negotiated through W., B. & Co., a firm in another State. The husband and wife, in pursuance of an understanding with S. & S., conveyed lands of her statutory estate to S. & S., the latter giving a note for the purchase-money for an amount in excess of its value, which it was agreed should not be paid in money, but credited with amounts due by the husband for losses, and a large credit was acknowledged on the note in this way on the day it was executed. S. & S., as it was understood they would, mortgaged the lands to·W., B. & Co., who had been paying losses incurred in the cotton speculations. The mortgagees being about to sell, the wife filed her bill for injunction, praying either that the conveyance by herself and husband be declared of no effect and cancelled, or that she be decreed to have a lien for the full amount of the note. The chancellor decreed the wife entitled to a lien for the amount of the note, less a small sum actually paid thereon, and decreed a sale, at which complainants purchased, leaving a large balance still due on the note,—

*Held :* 1. The mortgage to W., B. & Co. having been made merely to secure a prior indebtedness, they are not *bona-fide* purchasers for value, without notice.

2. Complainant was not entitled to treat the transaction as an absolute sale of her lands for cash, and require S. & S. to pay the note given for the land, in cash, the agreement being that it should be paid in discharging the husband's debt; and enforcing payment in any other mode would be the enforcement of a contract the parties did not make.·

3. The complainant being fully informed of the purpose of the transaction at the time it was entered into, and the credit being indorsed on the note in pursuance thereof on the same day, oral proof as to the manner in which the note was to be paid, does not offend the rule against contradicting written instruments by oral evidence.

4. Complainant was only entitled to have the conveyance of her lands to S. & S., and their mortgage to W., B. & Co., annulled and set aside; and decree is rendered by this court directing the same to be delivered up and cancelled, upon claimant's making to one of the appellants a small cash payment on the note, with interest, for payment of which amount, together with the costs of appeal, the land is subjected.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. B. B. McCRAW.

Bill was filed by appellee, Sarah G. Bass, suing by her next friend, Ambrose G. Hutchinson, against Sledge and Smith, and Williams, Birnie & Co., and another.

The prayer of the bill is, to have the land described, declared the separate estate of complainant; to have a lien decreed upon the same for $7,920, the amount of a certain note held by complainant, given by Sledge & Smith as purchase-money for said lands, less a small amount admitted to have been paid; or, that a conveyance made by complainant and her husband, John G. Bass, July 29, 1872, to Sledge & Smith, be annulled; and that a mortgage of said lands by said Sledge & Smith, to Williams, Birnie & Co., be declared of no force, and canceled, and that an injunction be made perpetual against said Williams, Birnie & Co.. prohibiting them from selling said lands under said mortgage; and for other and general relief.

The cause was submitted for final decree upon the original bill, answer, cross-bill and answers thereto; decrees *pro confesso* as to some of the defendants; evidence; and upon motion to dismiss the bill for want of equity.

The evidence shows that Sledge & Smith were cotton factors, &c., doing business in Opelika, Alabama, and that Williams, Birnie & Co. were engaged in the same business in the city of New York. John G. Bass dealt directly with Sledge & Smith in purchasing and selling cotton for future delivery, and Sledge & Smith filled Bass' orders through Williams, Birnie & Co., their factors in New York. Williams, Birnie & Co. kept their accounts with Sledge & Smith, and not with Bass. As the result of such speculations in "cotton futures," Sledge & Smith became indebted to Wil-

[Williams, Birnie & Co. et al. v. Bass.]

liams, Birnie & Co. about or shortly after the 29th of July, 1872, for $7,920, and for this sum executed their note to W., B. & Co. on the 11th of September following, and secured the note by a mortgage on the lands. The note of Sledge & Smith to Mrs. Bass, dated July 29, 1872, and the note to Williams, Birnie & Co., dated September 11, 1872, are for the same amounts, though not of even dates. John G. Bass testifies that " it was understood between Sledge & Smith and himself that Williams, Birnie & Co. were to take the land to cover his losses in future contracts of cotton." Other witnesses testify that the notes were to be so discharged. The proof went to show that the said lands were of the statutory separate estate of complainant.

JOHN M. CHILTON, for appellant.

F. M. WOOD, SAMFORD & DOWDELL, contra.

MANNING, J.—Appellee, Mrs. Bass, a married woman, and complainant below in this cause, having lands belonging to her as her statutory separate estate, joined her husband, John G. Bass, in a conveyance of them to Messrs. Sledge & Smith, cotton commission merchants in Opelika, Alabama; and they, at the same time, made and delivered to her their promissory note for $7,920, payable some months afterwards, to Mrs. Bass, or bearer, on which she immediately indorsed a credit for $5,272. The note described the land for which it was given. This was on the 29th of July, 1872. On the second of September afterwards, a further credit thereon of $1,750 was indorsed on the note, and signed, " S. E. Bass, pr. J. G. Bass." No money was paid at the time of these indorsements. The conveyance was made, with the knowledge of Mrs. Bass, in compliance with an agreement made by her husband with Sledge & Smith, in discharge of an indebtedness he had incurred to them by losses in cotton speculations; and it was at the same time understood that Sledge & Smith would convey or mortgage the lands to Williams, Birnie & Co., of New York, through whom Sledge & Smith had negotiated the cotton transactions, and who had paid, and were paying, the losses thereby sustained. The lands were mortgaged September 11, 1872, to Williams, Birnie & Co., with a power in the mortgage to sell to pay the debt due on them. This mortgage being made to pay a debt previously contracted, they do not occupy the position of bona-fide purchasers for value without notice. All this is established by the evidence;

and in her bill complainant says : " On information, believed to be true, oratrix states that at the time . . . of the execution of said deed to Sledge & Smith, by said John G. Bass and oratrix, it was understood and agreed by and between John G. Bass and Sledge & Smith, that the aforesaid note, marked " Exhibit A," should not be paid in money, but the said land should be given for losses on cotton speculations ; and by agreement with John G. Bass, said Sledge & Smith, at the time of the conveyance of said land, were not to pay money for the same, but were to be paid in oratrix's land." She does not anywhere say that she received this information after the transaction, or that she was not fully advised of this agreement by her husband before. Nor is there any allegation of deception, surprise or ignorance on her part in regard to the consideration or purpose of the conveyance. Construing the bill, therefore, according to the rule, most strongly against complainant, the pleading agrees with the evidence in showing that the transaction was fully understood by her when it was entered upon. None of the parties are chargeable with a want of good faith towards Mrs. Bass. The land seems to have been worth considerably less than the price at which it was to be taken in payment of her husband's debt; and it did not appear that she or her husband were ever deprived of possession.

Williams, Birnie & Co., the mortagees, having, in 1873, advertised the land for sale, and being about to execute the power to sell, this bill was filed by Mrs. Bass against them, and Sledge & Smith and her husband, and an injunction against the sale obtained.

The prayer of the bill is, that the court will decree that complainant has a lien on the land for the payment of the note for $7,920, and that the land be sold to pay the same, " or that said conveyance, dated July 29, 1872, signed by oratrix and John G. Bass, . . . . be null and void and of no effect, and be given up to your honor's court to be cancelled," and that the mortgage also be declared void and cancelled. There is also a general prayer for any other relief. It is not necessary that we should notice further the pleadings or evidence.

The chancellor decreed complainant entitled to the amount of the note, less a small payment that had been made on it, and that she had a lien on the land for that sum as the price, and ordered the land to be sold, as it was, by the register, at whose sale complainant, Mrs. Bass, bought it for $4,000. A

balance of over $4,700 was reported as still due to her, and this report was confirmed.

As before observed, Mrs. Bass was not in any respect deceived. Her regard for and sympathy with her husband, doubtless induced her to join him in conveying her property to pay his debt. It is clear she understood the real nature of the transaction. And as at the time of the conveyance, she indorsed a credit on the note, whereby the amount to be paid was reduced to about one-third of the nominal sum, all being done in the same transaction, it is not contradicting written evidence by oral testimony, to hold that Sledge & Smith did not agree to pay her $7,920 in money for the land. By compelling them to take the land at that sum, we would be enforcing a contract which the parties had not made.

What then are the rights of complainant in this cause?

By our law, a married woman is incapable of consenting to the appropriation of her statutory separate estate to the payment of her husband's debt; and any instruments executed by her to that end, will, on her application, be declared void. Or, inasmuch as the husband and wife may jointly sell her property, and the husband reinvest the proceeds for her use— if a sale be in fact made for a particular price to be actually paid—a court of equity will enforce any lien that she may have as a security for its payment, and prevent the debt from being extinguished by any appropriation or set-off of the husband's debt against it.

In the present case, it would be inequitable to establish a contract to which the parties did not in fact, but only in form, assent. And all that complainant is entitled to, upon her own showing, is a decree that the conveyance of her and her husband to Sledge & Smith, and their mortgage to Williams, Birnie & Co., are void, and must be held for naught and canceled.

The decree of the chancellor is reversed, and his order confirming the sale by the register, and said sale, are vacated and set aside, and a decree will be here rendered declaring the conveyance of complainant and her husband, John G. Bass, to Sledge & Smith, and their mortgage of the same land to Williams, Birnie & Co., to be void; and requiring that they be delivered up and canceled upon the payment by complainant to said Williams, Birnie & Co. of the sum of one hundred and fifteen dollars, which was paid in money as a part of the price of the land to her trustee, John G. Bass, with interest from the time of said payment; and the land in controversy will be made subject to the payment of said

.amount, and of the costs of this appeal in this court and in the Court of Chancery. But nothing in this decree shall be construed to impair any right which any of the appellants may have against John G. Bass, or which Williams, Birnie & Co. may have against the late firm of Sledge & Smith, or the representatives thereof.

The clerk of this court will certify the decree thereof to the Court of Chancery from which the appeal was taken, to be there carried into full effect.