# Boyleston *v.* Farrior.

*Bill in Equity by Wife, for Cancellation of Conveyance.*

1.   *Conveyance of wife's property, for husband's debt; equitable relief against.*
A married woman can not, either directly or indirectly, by mortgage or abso-
lute deed, convey property belonging to her statutory separate estate, in con-
sideration of the debt of her husband ; and having executed such conveyance,
she may come into equity to have it set aside and cancelled, without averment
or proof of fraud, duress, or improvidence in the transaction.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 8th January, 1878, by
Mrs. Victoria Boyleston, the wife of Joseph C. Boyleston,
against William M. Farrior, D. W. McRee, and her said hus-
band ; and sought, principally, the cancellation of a deed, by
which her husband conveyed to said Farrior a tract of land,
which the complainant claimed under a deed of gift from her
father, Franklin Auglin, as belonging to her statutory sepa-
rate estate.   The deed of gift was made an exhibit to the bill,
and was dated the 22d December, 1855.   It conveyed the
land, in consideration of natural love and affection, to the
grantor's daughter, Victoria Auglin, and reserved to himself
" the use and profit " of the property during his life.   The
bill alleged that the complainant and said J. C. Boyleston
were married on the 31st December, 1870 ; that on the 21st
February, 1872, her husband, being indebted to said W. M.
Farrior, executed to him a mortgage on said tract of land,
reciting therein that it was given to secure the debt of him-
self and his wife ; that the complainant's name was also signed
to said mortgage " by one Thomas W. Auglin, who styled
himself as her guardian," but it was signed without her au-
thority or knowledge ; that on the 21st December, 1873, in
payment of said indebtedness, with usurious interest included,
and $300 additional paid to the complainant herself, amount-
ing in all to $1,492, her husband sold and conveyed a portion
of the land to said Farrior, " and executed and delivered to
him a deed thereto signed by himself and complainant;" that
this transaction was intended by her husband and Farrior as
a settlement and payment of the mortgage debt, and the $300
paid to her was only the difference between the estimated
amount of the debt and the value of the land ; that Farrior

afterwards sold the land to D. W. McRee, and placed him in possession ; that McRee bought with knowledge of complainant's rights, and never paid the purchase-money ; and that Farrior had filed a bill against him to enforce his vendor's lien. The bill prayed a decree declaring the conveyance to Farrior null and void, and offered to restore the $300 which the complainant had received ; or that she have a decree for the balance of the consideration, $1,192, which constituted the debt of her husband, and a lien on the land for its payment ; and for general relief. The chancellor dismissed the bill, for want of equity ; and his decree is here assigned as error.

J. M. WHITE, J. M. BUFORD, H. R. SHORTER, and J. McKLEROY, for appellant.

D. M. SEALS, and J. D. ROQUEMORE, *contra.*

BRICKELL, C. J.—It is settled by former decisions, which we are unwilling to disturb, that a married woman can not, directly or indirectly, whether by mortgage or absolute deed, convey her statutory separate estate as a security for, or in consideration of the debt of her husband.—*Weil v. Pope,* 53 Ala. 585 ; *Williams v. Bass,* 57 Ala. 487. These authorities also indicate that, at her instance, a court of equity will intervene, and rescind a conveyance founded upon such consideration, though there may not be fraud or duress, and no averment or evidence of improvidence in the transaction. There was, consequently, error in sustaining the motion to dismiss the bill for want of equity. Let the decree be reversed, and the cause remanded.