# Simms *v.* Kelly.

*Bill in Equity by Wife, for Cancellation of Mortgage on Lands claimed as her Statutory Estate.*

1.  *Ante-nuptial deed conveying to wife life-estate in lands, with reversion to husband.*—Under an ante-nuptial deed, by which the grantor conveys to his intended wife a life-estate in lands, with reversion to himself, without any words excluding his marital rights, the wife's interest becomes, on her marriage, a statutory separate estate; and although the husband is entitled, as her trustee, to receive the rents and profits without liability to account, the life-estate is not his property.

2.  *Conveyance or mortgage of wife's statutory property for husband's debts.*—A mortgage or absolute conveyance by husband and wife, of lands belonging to the wife's statutory estate, as security for the husband's debts, or in payment of his debts, is a nullity.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 27th September, 1878, by Mrs. Mollie F. Simms, the wife of Edgar T. Simms, against her said husband and one Terence Kelly; and sought the cancellation of a conveyance of lands by complainant and her husband to said Kelly, so far as it affected the complainant's estate in said lands, on the ground that her interest therein was a statutory estate, and that the consideration of the conveyance to Kelly was the payment or security of her husband's debts. The complainant claimed a life-estate in the lands under a conveyance by her said husband, dated April 4th, 1876, which was made an exhibit to the bill. This conveyance, after reciting that a marriage was soon to be solemnized between the grantor (Edgar T. Simms) and the grantee (Mollie F. DeGraffenreid), in consideration of the promise of marriage and its consummation, conveyed the lands, subject to a mortgage in favor of one McDonald, "to the said Mollie F. DeGraffenreid, for the term of her natural life, and no longer; and upon the death of the said Mollie F. DeGraffenreid, the lands hereby conveyed are to revert to the said Edgar F. Simms, his heirs and assigns forever." This conveyance was admitted to record, on the day of its date, on the acknowledgment of the grantor; and it was delivered to the grantee before the marriage was solemnized. The deed of said Simms and wife to Kelly was dated January 16, 1877, and recited the present payment of $1,000 as its consideration; was attested by two witnesses, one of whom was the

clerk of the Circuit Court, and was acknowledged by both of the grantors before said clerk, on the day of its date; the certificate of acknowledgment stating that Mrs. Simms, "being examined separate and apart from her husband, touching her signature to the said conveyance, acknowledged that she signed the same of her own free will and accord, and without fear, constraint, or persuasion of her husband." On the day this conveyance was executed and delivered, Kelly executed and delivered to said E. T. Simms another instrument in writing, which, after reciting the conveyance of the lands to Kelly, proceeded thus: "Now, I hereby bind myself, my heirs and assigns, forever, and it enters into the sale of said lands to me by said E. T. and M. F. Simms, that if the said E. T. Simms shall pay me one thousand dollars, at any time within twelve months from date, I hereby bind myself to re-convey said lands to said E. T. and Mollie F. Simms, or either or both of them, as said E. T. Simms may direct, immediately on the payment of said sum; and no rent is to be charged the present year, and E. T. Simms is to retain the possession of said lands." The bill alleged that these two instruments were parts of one and the same transaction, and were, in legal effect and intention, a mortgage for the security or payment of the husband's debts; that the only consideration was debts of said E. T. Simms to the amount of $1,000, due to said Kelly, or assumed and paid by him; and that the complainant, at the time she signed said conveyance, was mentally and physically incapable of binding herself by any valid contract, being greatly debilitated from long sickness, and under the influence of opiates and stimulants. On these allegations, the bill prayed that the conveyance to Kelly, so far as it purported to convey the complainant's interest in the lands, might be declared inoperative and void; that Kelly might be required to restore the possession of the lands to her, and to account for the rents and profits while in his possession; and for general relief.

A decree *pro confesso* was entered against E. T. Simms; and his deposition being taken on behalf of the complainant, he testified to the principal facts stated in the bill. Kelly answered the bill, and admitted all its material allegations, except as to the complainant's capacity and condition when she signed and acknowledged the conveyance to him; and he also denied that the two instruments were in legal effect a mortgage, or were intended so to operate. He insisted that the ante-nuptial conveyance created in the complainant an equitable estate, and not a statutory estate, and that she had full power to convey this estate as by deed it was conveyed to him; and he demurred to the bill for want of equity, on this ground.

[Simms v. Kelly.]

The chancellor held, on the authority of *McMillan v. Peacock*, 57 Ala. 157, that the ante-nuptial deed would have conveyed to the complainant a separate estate at common law, without the aid of the statute, and therefore did not create in her a statutory estate; but he overruled the demurrer, on account of the allegations of the bill as to the complainant's mental and physical condition when she joined with her husband in the execution of the deed to Kelly; and on final hearing, on pleadings and proof, holding that these allegations were not proved, he dismissed the bill. His construction of the ante-nuptial deed, and his final decree, are now assigned as error.

THOS. M. PETERS, and WM. COOPER, for appellant.

CLARK & HARRIS, *contra*.

STONE, J.—The ante-nuptial conveyance made by Edgar T. Simms to Miss DeGraffenreid contains no words which exclude the marital rights. It was executed and delivered while the grantee, the appellant in this cause, was a *femme sole*, and conveyed to her a life-estate, with reversion to the grantor. She, consequently, became and was a life-tenant of the freehold when she became the wife of Dr. Simms. This brings her title to the land in controversy directly within the influence of the constitution, and of sections 2505 and 2506 of the Code of 1876. It is property which was held by her previous to the marriage. By the marriage, the property vested in her husband as her trustee, but not as property in him. His right to manage and control her property, his exemption from liability to account with the wife, her heirs or legal representatives, for the rents, income and profits, do not, as once supposed, constitute property; for he may be removed from the trust, and from all right to manage and control the property, or its income and profits, if he abuse the trust reposed in him. So, if the wife survive the husband, her right to manage and control her estate, and to administer its income and profits, becomes as absolute as if she had never married.—*Lee v. Tannenbaum*, 62 Ala. 501. It is a mistake to suppose that, by marriage, her husband acquires a life-estate in the wife's property. On this false assumption, the argument was made, and seems to have convinced the chancellor, that because the deed made by Dr. Simms to Miss DeGraffenreid purported to convey only a life-estate, and because by the marriage, which the deed contemplated, that life-estate would and did re-vest in Simms, the grantor, the deed itself could have only an equitable operation, and vested no legal title in the grantee. We have shown above that the premise is unsound. The conclusion is equally untenable.

[McCalley v. Robinson's Adm'r.]

The land being the statutory separate estate of Mrs. Simms, her conveyance in payment of, or security for the debt of her husband, was inoperative, and a nullity.— *Williams, Birnie & Co. v. Bass*, 57 Ala. 487; *Shulman v. Fitzpatrick,* 62 Ala. 571; *Boyleston v. Farrior*, 64 Ala. 564. The relief prayed by the bill ought to have been granted, so far as the life-estate of Mrs. Simms is concerned. From any thing shown to us, Dr. Simms' reversion in the lands passed by his deed.

Questions will arise about rents, and possibly some other matters, which may not be before us in all their bearings. We will not attempt to render a final decree.

Reversed and remanded.