# Snyder *v.* Glover.

*Statutory Real Action in the Nature of Ejectment.*

1. *Conveyance by married woman of lands, her statutory estate ; when passes legal title.*—A deed of bargain and sale, absolute on its face, executed by husband and wife as required by the statute, reciting a moneyed consideration, and purporting to convey lands, the statutory separate estate of the wife, in the absence of fraud in the execution of the deed, passes the legal title, and will defeat an action of ejectment by the wife against the vendee, although a portion of the purchase-money may have been paid in the debt of the husband.

2. *Same ; when part of consideration the debt of the husband, wife's remedy.*—For that part of the consideration of the deed, in such case, which was paid in the debt of the husband, a suit at law could probably be maintained, and a bill in equity would also probably lie.

APPEAL from Marengo Circuit Court.

Tried before Hon. WM. E. CLARKE.

This was a statutory real action in the nature of ejectment, by Mrs. Mary T. Glover, a married woman, the wife of Pearson J. Glover, against John H. Snyder ; and was commenced on 3rd October, 1882. The trial resulted in a verdict and judgment for the plaintiff, from which the defendant prosecuted this appeal. The defendant claimed under a deed executed by the plaintiff and her husband, which is sufficiently described in the opinion ; while the plaintiff contended that the deed, purporting, as it does, to convey lands belonging to her statutory separate estate, was executed in consideration of a debt due the defendant by the plaintiff's husband, and was, therefore, void. There was evidence on behalf of the plaintiff tending to show that "the whole consideration of the deed was for her husband's debts, contracted by him with the defendant ;" but that a part of such debts was contracted for articles of comfort and support of the household, for which her statutory separate estate would be liable under section 2711 of the Code of 1876. The evidence introduced on behalf of the defendant tended to show that a part of the consideration of the deed was the payment of the husband's debts to the defendant, a large portion of which debts was contracted for articles of comfort and support, etc. ; and that the balance was a moneyed consideration.

Numerous exceptions were reserved by the defendant to charges given and refused ; and those rulings are here assigned as error. The opinion does not render it necessary to set out the charges.

[Snyder v. Glover.]

J. W. Bush, for appellant.

R. H. Clarke, *contra*.

STONE, J.—Each claimant in this contention rests the right of recovery on the postutate, that the lands sued for were of the statutory separate estate of Mrs. Glover. Snyder, the appellant, claims under and through her. The defendant's title is a deed of bargain and sale, absolute on its face, executed to him by Glover and wife in December, 1880, on a recited consideration of thirty-two hundred dollars paid. This deed was duly executed, and attested by two witnesses, with certificate of acknowledgment and registration in due form of law. There was no attempt to prove any fraud in the execution of the deed. This vested a legal title in Snyder, and is a complete answer to the action of ejectment, which can neither enforce nor consider equitable claims.—Code of 1876, § 2707.

If any portion of the purchase-money was paid in the debt of the husband, the remedy is not ejectment for the land. A suit at law for the unpaid purchase-money could probably be maintained, and a bill in equity to enforce the lien would also probably lie.—*Williams v. Bass,* 57 Ala. 487; *Shulman v. Fitzpatrick,* 62 Ala. 571; *Boyleston v. Farrior,* 64 Ala. 564; *Simms v. Kelly,* 70 Ala. 429; *Morris v. Harvey,* 4 Ala. 300; *Williams v. Higgins,* 69 Ala. 517. *Prince v. Prince,* 67 Ala. 565, was a suit in equity, and the conveyance only a deed of trust, which the wife had no power to make. That case is not opposed to the views expressed above.—*Garrett v. Lehman,* 61 Ala. 391.

We need scarcely add that so far as the present transaction was based on money actually paid, if such was the case, the plaintiff has no just ground of complaint. And Snyder having the legal title, by what, on its face, purports to be a valid sale and conveyance, we need not, and do not, decide whether or not he may retain it as payment *pro tanto,* or security, to the extent he may show a valid claim, otherwise unsatisfied, for such supplies as fall within section 2711 of the Code of 1876. That question we leave open.—*Castleman v. Jeffries,* 60 Ala. 380.

Many of the rulings of the circuit court are opposed to these views. We need not specify them.

Reversed and remanded.