# Peeples v. Burns.

*Bill in Equity for Cancellation of Deed, as Cloud on Title.*

1. *Cancellation of deed as cloud on title.*—A court of equity will not entertain jurisdiction of a bill for the cancellation of a deed as a cloud on the complainant's legal title, when he is out of possession, unless special grounds for equitable interposition are shown, but will leave the complainant to the assertion of his legal title in a court of law.

2. *Fraud as ground of equitable relief.*—Fraud is not, of itself, a ground for equitable interference, where the complainant has a legal title, and a full and adequate remedy at law; and the fact that her name was forged —was signed without her authority, knowledge, or consent—as grantor with her husband, to a conveyance of lands belonging to her statutory estate, of which the defendant is in possession, claiming under the forged deed, is no obstacle to a recovery at law, and, therefore, no special ground for equitable interference. (SOMERVILLE, J., *dissenting*.)

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 17th November, 1883, by Mrs. Mary A. Peeples, the widow of Robert R. Peeples, deceased, against James H. Burns; and prayed the cancellation of a deed, under which the defendant held possession of a tract of land therein particularly described, which the complainant claimed as belonging to her statutory separate estate, as a cloud

[Peeples v. Burns.]

on her title to the land, and an obstacle to the assertion of her rights by action at law, and an account of the rents and profits received during the defendant's possession. The bill averred that, during the years 1869–73, said Robert R. Peeples was engaged in cultivating several plantations in Dallas and adjoining counties, and procured advances from Hudson, Kennedy & Co., a mercantile firm of which the defendant, James H. Burns, was a member, and, to secure the payment of said advances, executed to them a mortgage conveying said lands, with others, which belonged to complainant, his wife ; that when this mortgage matured, on or about the 19th November, 1873, said debt being not satisfied in full, as claimed by the mortgagees, said R. R. Peeples executed and delivered to them a conveyance of all the lands described in the mortgage, in consideration of his supposed indebtedness to them ; that complainant " did not sign said deed, nor did she authorize any one to sign the same for her, nor did she know until after the death of her said husband, which took place in September, 1882, that said lands had been conveyed to said Hudson, Kennedy & Co. ;" that said deed was written by John F. Burns, who was the son of said James H. Burns ; that Hudson, Kennedy & Co. conveyed all their interest in said lands, soon after the date of said deed, to said James H. Burns, who went into possession, received the rents and profits, and was in possession when the bill was filed ; that the complainant did not discover, until a few weeks before her bill was filed, that the record of said deed showed that her name was signed to it as a grantor with her husband ; and that the deed was a cloud on her title, depreciating the value of the lands, and obstructing the assertion of her title at law. The bill prayed, on these allegations, a cancellation of the deed, an account of the rents and profits, and for other and further relief under the general prayer.

The chancellor sustained a demurrer to the bill, and dismissed it, on motion, for want of equity ; and his decree is now assigned as error.

S. W. JOHN, and E. W. PETTUS, for appellant, cited *Bunce v. Gallagher*, 5. Blatchf. 488 ; *Lockett v. Hurt*, 57 Ala. 198 ; *Boyleston v. Farrior*, 64 Ala. 564 ; *Shipman v. Furniss*, 69 Ala. 563.

SUMTER LEA, contra, cited *Daniel v. Stewart*, 55 Ala. 278 ; *Youngblood v. Youngblood*, 54 Ala. 487 ; *Insurance Co. v. Bush*, 13 Wall. 616 ; *Bassett v. Brown*, 100 Mass. 355 ; Story's Eq. Pl. § 476 ; 3 Wait's Actions & D. 191, § 156 ; *Sullivan v. Finnegan*, 101 Mass. 448 ; *Clouston v. Shearer*, 99 Mass. 209.

[Peeples v. Burns.]

CLOPTON, J.—Since *Daniel v. Stewart*, 55 Ala. 278, it has been the settled doctrine of this court, that a bill in equity to remove a cloud upon the title to land can not be maintained by a party asserting a mere legal title, against a defendant in adverse possession under color of title, without showing special grounds for equitable interposition. Such bill lies only in favor of a person in possession, who consequently can not bring an action to have the apparent title of the adversary claimant adjudicated at law. While it is not necessary that, under all circumstances, the party must be in possession to entitle a resort to equity, the legal title must be held under such circumstances that the law can not afford full and adequate relief. 3 Pom. Eq. Jur. § 1399, n. 4, in which the author observes : " But, when the estate or interest is legal in its nature, the exercise of the jurisdiction depends upon the adequacy of legal remedies. Thus, for example, a plaintiff out of possession, holding the legal title, will be left to his remedy by ejectment, under ordinary circumstances." And in 2 Lead. Cas. in Eq. 1355, after speaking of the principle on which relief is granted in the matter of cancellation, it is said : " The principle does not ordinarily apply to real estate, because the complainant may bring a writ of entry, or ejectment, and compel the defendant to maintain his title, or to disclaim." Equitable interference, in such cases, rests on the principle of *quia timet*, which will not be applied in support of a bill brought by a party out of possession, whose title is merely legal. After having recovered possession by ejectment, or otherwise, if there is danger, or well-grounded apprehension, that the apparent title will be used annoyingly, oppressively, or injuriously, resort may be had to equity to cancel it, remove the cloud, and quiet the title. The rule is based on the fullness, sufficiency, and adequacy of the legal remedy by ejectment, and on the absence of equity jurisdiction to try a naked question of legal title to real estate.

The rule may be regarded as settled in this State, that a party can not go into a court of equity on the ground of *mere* fraud, —that the mere intervention of fraud, no discovery or any special equitable relief being sought, will not authorize a court of equity to grant relief, or to entertain concurrent jurisdiction with the court of law, in cases cognizable at law.—*Knotts v. Tarver*, 8 Ala. 743 ; *Youngblood v. Youngblood*, 54 Ala 486. The same rule has been since repeatedly affirmed, although there are expressions in some cases inconsistent with the doctrine.—*Smith v. Cockrell*, 66 Ala. 64. The doctrine has been so elaborately and fully discussed, that further discussion is not required, and will not be productive of any benefit. We are not at liberty to depart from it ; and are content to repeat what was said by WALKER, C. J., in *Dickinson v. Lewis*, 34

[Peeples v. Burns.]

643 : "The doctrine of this court is, that notwithstanding the fraud, if the party can have full, complete, and adequate redress at law, he can not go into chancery. By that doctrine, as expounding a just and convenient rule, too long recognized in this State to be lightly departed from, we will abide, without inquiring whether it harmonizes with all the decisions upon this subject."

The general rule does not seem to be controverted ; but it is contended, that the name of complainant having been signed to the deed without her authority, consent, or knowledge, constitutes a fraud upon her, and is special ground for equitable interposition. The bill does not charge that the grantees or either of them committed the fraud, or participated in, or had any knowledge thereof. It being the rule, that the actual fraud of the person in possession is not, of itself, the subject and ground of equity jurisdiction, and will not support an appeal to a court of equity by a person out of possession to remove a cloud upon the title, cast by a deed procured by such fraud ; jurisdiction for such purpose will not be entertained in favor of a party out of possession, on the ground of fraud committed by a third person in procuring the deed, or having it signed, who did not represent the grantee, and the grantee was ignorant of the fraud when he received the conveyance. If a fraud perpetrated by a person against whom the cancellation is sought, or with which he, or those under whom he claimed had some connection, or knowledge thereof, is not a sufficient ground, there can be no well founded reason why forgery of a deed by a third person should be enough to invoke equitable interposition. Under our rule, the party in such case will be left to his legal remedies.

The complainant is out possession. The bill does not show any obstacle to a recovery at law, or any reason why the law can not afford her full and adequate redress, and no special ground of equity is alleged. It is a bill to try, in a court of equity, the genuineness and validity of the purported conveyance, and to be let into posssesion. The complainant claims to hold a purely legal estate, and seeks to have adjudicated the alleged legal title of an adverse claimant and possessor, and to recover possession, without showing any special equitable features. In such case, the remedy at law is adequate, and the concurrent jurisdiction of equity does not attach. We concur with the chancellor, that the bill is without equity.

Affirmed.

SOMERVILLE, J., dissenting.