# Heard *v.* Hicks.

*Bill in Equity by Married Woman, for Cancellation of Conveyances as Cloud on Title to Lands.*

1. *Mortgage of wife's lands, for husband's debt.*—A mortgage, or other conveyance, of lands belonging to the wife's statutory estate, executed by her and her husband, as security for his debt, or in consideration thereof, is void, and will be set aside at her instance, though no fraud was practiced upon her; and this invalidity can not be evaded or avoided by any circuitous line or series of conveyances, when the rights of third persons do not intervene.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 17th July, 1886, by Mrs. Charlotte B. Hicks, a married woman, suing by her next friend, against her husband, James A. Hicks, and George P. Heard; and sought to have cancelled and set aside, as clouds on her title to certain lands, of which she was in possession, a mortgage of said lands to said George P. Heard, signed by her and her husband, and several subsequent conveyances thereof. The tract of land, which contained 360 acres, was conveyed to Mrs. Hicks, as the purchaser at a sale made by the administrator of the estate of William Hicks, deceased, by deed of the administrator dated the 17th February, 1877. The mortgage to Heard, which the bill sought to have cancelled and set aside, was in the form of a conveyance to secure the payment of advances to make a crop during the year 1882, amounting to $1,575; was dated the 24th April, 1882, and was signed by Mrs. Hicks and her husband; and it conveyed, in addition to the lands, the crop to be raised on them, and other personal property. The other conveyances were—1st, an absolute conveyance of the lands by Mrs Hicks and her husband to said Heard, which was dated the 27th January, 1883, and recited a consideration of $1,240 in hand paid; 2d, an absolute conveyance by said Heard and wife to James A. Hicks, complainant's husband, which was dated January 1st, 1884, and recited a consideration of thirty bales of cotton to be delivered; and, 3d, a mortgage on the lands, executed by the complainant and her husband, dated January 9th, 1884, to secure the payment and delivery of said thirty bales of cotton. Copies of these several conveyances

[Heard v. Hicks.]

were made exhibits to the bill, and it was alleged that the indebtedness of the complainant's husband to Hicks was the only consideration of the first mortgage; that the complainant's signature to that mortgage, and to the subsequent conveyances to which her name was signed, was procured by the fraudulent representations of her husband and said George P. Heard, in furtherance of a fraudulent scheme between them to obtain her land in payment and satisfaction of her husband's debt; and that no money, or other consideration, was ever paid to her, though promised.

The defendant Heard demurred to the bill, on the ground that the allegations of fraud and fraudulent representations were insufficient, no specific facts being stated. The chancellor overruled the demurrer, and his decree is now assigned as error.

GAMBLE & RICHARDSON, for the appellant, cited *Flewellen v. Crane*, 58 Ala. 627; *Pickett v. Pipkin*, 64 Ala. 520; *McHan v. Ordway*, 76 Ala. 347; *Seals v. Robinson*, 75 Ala. 363; *Hopper v. Covington*, 118 U. S. 148; *Southern Railroad Co. v. Matthews*, 77 Ala. 357.

STALLINGS & WILKINSON, *contra*.

CLOPTON, J.—No principle of law is more decisively settled, than that a conveyance of her statutory separate estate by a married woman, whose disabilities of coverture have not been removed, whether by mortgage or absolute deed, as security for, or in consideration of the debt of her husband, is void under our statutes. The conditions existing, the invalidity can not be avoided by any circuitous line or series of conveyances. A mortgage by a married woman and her husband of her statutory separate estate, as security for the debt of her husband, followed by an absolute conveyance in payment of the debt, and a subsequent sale and conveyance to the husband, with a mortgage by husband and wife to secure the purchase-money, are each and all invalid, no rights of third persons intervening. Fraud in the execution of the conveyances is not requisite to the interposition of a court of equity, at the instance of the wife, to rescind and cancel them, and remove the cloud thereby cast on her title. The averments of the bill show that the complainant is a married woman; that the land is her statutory separate estate; that the several conveyances were made solely as security for, and in consideration of the debt of her husband; and that she is in possession. The complainant is not required to prove fraud, though

charged. In such case, a charge of fraud is immaterial, and surplusage. The equity of the bill rests on other and independent ground.—*Williams v. Bass*, 57 Ala. 487; *Boyleston v. Farrior*, 64 Ala. 564; *Simms v. Kelly*, 70 Ala. 429.

The demurrer was properly overruled.

Affirmed.

