# Connor *v.* Armstrong.

*Bill in Equity for Reformation of Conveyance, and Injunction of Action at Law.*

1. *Conveyance of wife's land, by husband and wife; reformation in equity, on ground of mistake.*—A conveyance of the wife's land, jointly executed by her and her husband, in consideration of the husband's debt (Code, 1876, § 2705), being void, a court of equity will not reform it, on account of a mistake in the description of the land; but, if the sole consideration is the payment of a debt for necessary family supplies, for which the wife's statutory estate is liable (§ 2706), it may be reformed in equity, so that the grantee may prosecute or defend his rights under it in a .court of law; and if the consideration is partly a debt of the husband, and partly a debt for which the wife's statutory estate is liable, the court will decree a reformation, but on condition that the grantee pay to the wife the amount of the husband's debt which formed part of the consideration, with interest thereon.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 27th April, 1887, by Martin Connor, against Charles Armstrong, as the executor of the last will and testament of his deceased wife, Mrs. Clemmie Armstrong, and their children as devisees under her will; and sought an injunction of an action at law, which Mrs. Armstrong had brought against the complainant, and a reformation of the conveyance under which the complainant claimed and held the land sued for. The conveyance sought to be reformed, which was executed to the complainant by said Armstrong and wife, was dated February 6th, 1877, and recited a consideration of $510; and a reformation was sought on the ground of a mistake in the description of the land intended to be conveyed. The action at law was commenced on the 9th July, 1886; but Mrs. Armstrong, the plaintiff

[Connor v. Armstrong.]

therein, died before the filing of the bill in this case. On final hearing, on pleadings and proof, the chancellor dismissed the bill, holding that the deed was void; and his decree is now assigned as error.

PARKS & SON, and P. O. HARPER, for appellant.

GARDNER & WILEY, contra.

CLOPTON, J.—Mrs. Clemmie Armstrong and her husband executed, February 6, 1877, to appellant, a deed to the land in controversy, which was her statutory separate estate, on the expressed consideration of five hundred and ten dollars. Appellant immediately entered into possession, claiming under the deed, and was in possession on July 9, 1886, when Mrs. Armstrong commenced against him an action of ejectment to recover possession of the land. On discovering a mis-description of the premises in the deed, so as to render it unavailable as a defense in the action at law, appellant brought the bill to obtain a correction of the mistake, and to enjoin the action of ejectment. Mrs. Armstrong having died, leaving a will, her executor and devisees, being appellees, are made defendants. As the evidence indisputably shows the mistake, the material objection urged to the relief sought is, that the deed is void, on the alleged ground, that the consideration was a debt of the husband of Mrs. Armstrong, for which her separate estate was not liable. If this contention is sustained, and such be the sole consideration, it is void beyond question. We have uniformly ruled, that whatever may be the form of the transaction, whether a mortgage or an absolute sale, a conveyance which operates to appropriate the wife's statutory separate estate to the payment of her husband's debt, is void as between the parties. If void, a court of equity will not do the vain and nugatory act of reforming an instrument, which, after being reformed, will not constitute a preliminary step or basis for the protection, in the same or some other suit, of any primary right of the party seeking a reformation.

The first question, then, relates to the validity of the deed, which must be determined on the construction of the statutes creating and regulating the separate estates of married women, in force prior to the enactment of February 28, 1887, and which are embodied in the Code of 1876. The evidence clearly shows that the land was paid for, partly in a debt of

the husband, for which the separate estate of Mrs. Armstrong was not liable, and partly in a debt contracted for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband was liable at common law—articles for which the statute declared her separate estate to be liable.—Code, 1876, § 2711. On November 22, 1875, Mrs. Armstrong and her husband signed a note for four hundred and thirty-six dollars, payable to complainant, October 1, 1876, and, to secure the same, executed a mortgage on real property, her statutory separate estate. The consideration of the note was supplies to be subsequently furnished, and which were furnished after the making of the note, and during 1876. Afterwards, on February 6, 1877, the land in controversy was sold to complainant, and the deed in question executed, in consideration of the discharge of the debt thus contracted, and the cancellation of the note and mortgage. Recognizing the husband as the debtor, and taking his note, did not operate to relieve the wife's separate estate from liability for articles of comfort and support of the household, with which it is charged by the statute.—*Wright v. Rice*, 56 Ala. 43. Conceding that the note and mortgage were void as to her, because of her incapacity to execute them, the liability of her separate estate still remained, and the discharge of this liability constituted a part of the consideration of the deed.

In *Castleman v. Jeffries*, 60 Ala. 380, it is said: "We do not doubt the power of the husband to invest moneys, the *corpus* of the wife's separate estate, in the purchase of articles of comfort and support of the household, or to employ them in payment of those previously purchased, if they fall within the classes for which they are declared to be liable under section 2711 of Code of 1876." On this principle, it was held, that a person who received money belonging to the *corpus* of the wife's separate estate, deposited with him by the husband, may, when sued for such money by the wife, retain the amount due him for articles of comfort and support of the household furnished her and her husband. The decision is rested on the large discretionary powers of investment conferred on the husband, and on the silence of the statute as to any mode of transferring money. The statutes provided, that the property of the wife may be sold and conveyed by the husband and wife jointly, by instrument in writing, attested by two witnesses, or acknowledged before some officer authorized to take acknowledgments of convey-

[Connor v Armstrong.]

ances; and empowered the husband to re-invest the proceeds of sale in other property, or use them as was most beneficial to the wife.—Code, 1876, §§ 2707-2709. The husband and wife had power to sell her separate estate for cash, and, when converted into money, the husband could, under the principle settled in *Castleman v. Jeffries*, lawfully use the money in payment of a debt contracted for such articles as the statute charged on her separate estate. There can be no sufficient reason, why they could not accomplish the same result by a direct and absolute sale and conveyance of her separate estate to the person who furnished such articles. It seems, therefore, that the deed would have been valid, if the *sole* consideration had been the discharge of a debt, for which the separate estate of the wife was liable under the statutes.

What was the effect under the statutes, when only a part of the consideration was the discharge of a debt of like character? As to this question, we are not without precedent. In *Snyder v. Glover*, 75 Ala. 379, the validity of a deed made by the husband and wife to her separate estate, the purchase-money being paid, partly in a debt for articles of comfort and support, for which it was declared to be liable, and partly in a debt of the husband, for which it was not liable, came directly before the court. An action of ejectment was brought by the wife to recover the land sold and conveyed. The court held that the deed, having been executed, attested and acknowledged, in the mode prescribed by law, and there being no fraud in its execution, vested a legal title in the grantee, and was a complete answer to the action of ejectment; as a court of law can neither enforce nor consider equitable claims. If the deed in question had correctly described the land sold, it would have constituted a complete defense to the action of ejectment. The mis-description compels the conplainant to invoke the aid of a court of equity.

Mere reformation of the deed does not operate to establish any right, other than such as complainant would have had if no mistake had been committed. The purpose and effect of its correction are to protect whatever primary rights or estate complainant would have acquired under a correct deed. Says Mr. Pomeroy: "The reformation of a policy of insurance is not a final remedy; but it establishes the real contract, and thus enables the assured to recover the amount actually due according to the terms of that contract. The reformation of a deed does not restore the grantee to

the dominion and possession of the land which had been omitted; but it places him in a position which enables him, if necessary, to assert his dominion and recover the possession."—3 Pom. Eq. Jur. § 1375. If the court were to reform the deed, and proceed no further in the suit, it would merely enable the complainant to successfully defend the action of ejectment, and compel defendants to assert their equitable rights and claims in the Chancery Court.

It may be, that if the consideration of the deed consisted wholly in the discharge of a debt of the husband, the defendant could not treat the transaction as an absolute sale for cash, and require the complainant to pay in money the amount of the husband's debt thereby discharged; as the transaction would be void *in toto*.—*Williams v. Bass*, 75 Ala. 489. But, in *Snyder v. Glover*, *supra*, where the deed was not wholly void, the court said: "If any portion of the purchase-money was paid in the debt of the husband, the remedy is not ejectment for the land. A suit at law for the unpaid purchase-money could probably be maintained, and a bill in equity to enforce the lien would also probably lie." The court, however, declined to decide, whether or not a grantee in such deed "may retain it as payment *pro tanto*, or as security to the extent he may show a valid claim, otherwise unsatisfied, for such supplies as fall within the section 2711 of the Code, 1876."

Neither is a decision of this question necessary in the present case. The powers of the court are ample. to require complainant to do equity as a condition of reformation. Equity requires that he shall pay defendant, if he retains the land, so much of the purchase-money as was paid in the debt of the husband, for which the separate estate of Mrs. Armstrong was not liable under the statute, with interest thereon. The defendants not having asserted by cross-bill any other claim or equity, and the deed not being void, the Chancery Court, on the pleadings and proof, should have reformed it, and referred to the register to ascertain what amount of the consideration price of the land consisted in the debt of the husband, and prescribed payment of the same as the condition of relief.

Reversed and the cause remanded, that further proceedings may be had in accordance with this opinion.

Reversed and remanded.