# Armstrong v. Connor.

*Bill in Equity for Cancellation of Conveyance as Cloud on Title to Wife's Lands.*

1. *Conveyance of wife's lands; cancellation as cloud on title.*—As a general rule, a party can not come into equity to cancel a conveyance

[Armstrong v. Connor.]

as a cloud on his title to land, unless he is in possession; and this rule applies to a married woman seeking relief against a mortgage of lands belonging to her statutory estate, which is no bar to the assertion of her rights in a court of law; but, if her lands have been conveyed by the joint deed of herself and her husband, executed in conformity with statutory requirements, though in consideration of her husband's debt, she may come into equity to cancel it as a cloud on her title, whether in or out of possession.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed, on what day the record does not show, by Mrs. Clemmie Armstrong, the wife of Charles Armstrong, against Martin Connor and James K. Murphree; and sought the cancellation of a conveyance executed by the complainant and her husband to said Connor, as a cloud on her title to the land. The conveyance was dated February 6th, 1877, and recited a consideration of $510 in hand paid; being the same deed which was involved in the case of *Connor v. Armstrong, ante*, p. 262. The bill alleged that the real consideration of the deed was the cancellation of a mortgage on the same lands, which was given to secure a debt of the husband; and that the lands conveyed belonged to the complainant's statutory estate. The chancellor dismissed the bill, for want of equity, because it showed that the complainant was not in possession of the land; and his decree is now assigned as error.

GARDNER & WILEY, for appellant.

P. O. HARPER, and PARKS & SON, *contra*.

STONE, C. J.—If the bill in this case had shown that complainant had a legal title to the land on which she could have sued at law, then, being out of possession, she could obtain no relief in chancery, on a bill which had no other equitable aim than a removal of a cloud from her title. *Peebles v. Burns*, 77 Ala. 290. And a mortgage executed by husband and wife, by which they attempt to convey her statutory separate estate, if executed prior to our late statute on the subject—February 28, 1887—is absolutely void, and opposes no bar to the assertion of her right in a court of law.—3 Brick. Dig. 553, §§ 153 *et seq.*

The question, however, is very different, when the husband and wife execute a deed of conveyance, absolute in form, and upon a recited valuable consideration. The statute conferred

on them the right to sell and convey; and if on its face the deed purported to conform to its requirements, the legal title would thereby be devested out of the wife.—Code of 1876, § 2707; 3 Brick. Dig. 552, §§ 140 *et seq.* In such case, the wife, whether in or out of possession, had no redress at law, but could be relieved in the Chancery Court.—*Snyder v. Glover,* 75 Ala. 379; *Harden v. Darwin,* 77 Ala. 472; 3 Pom. Eq. § 1399, and note.

In dismissing the bill for want of equity the chancellor erred.

Reversed and remanded.