# Lansden *v.* Bone.

*Bill in Equity by Heirs of Deceased Wife, for Cancellation of Mortgage as Cloud on Title.*

1. *Mortgage of wife's lands to secure husband's debt; cancellation as cloud on title of heirs.*—A mortgage of lands belonging to the wife's statutory estate, executed by her and her husband jointly, as security for his debt, is null and void as to the wife, and she may maintain a bill in equity to cancel it as a cloud on her title, whether she is in or out of possession ; and though it is a valid conveyance of the husband's life-estate after her death, her heirs may maintain a bill to cancel it as a cloud on their title in remainder, without offering to redeem, or to pay the mortgage debt.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The original bill in this case was filed on the 25th April, 1883, by Houston B. Lansden and others, children and heirs of Mrs. Martha W. Lansden, deceased, against Hugh P. Bone; and sought to have a certain conveyance of land, which Mrs. Lansden and her husband (Abner D. Lansden) had executed to the defendant, declared a mortgage only, and cancelled as a cloud on complainants' title, on the ground that the land belonged to the statutory estate of Mrs. Lansden, and the conveyance was intended only as security for a debt which her husband owed to said H. P. Bone. The chancellor overruled a demurrer to the bill, and, on final hearing on pleadings and proof, rendered a decree for the complainants; but his decree was reversed by this court on appeal, and the cause was remanded.—85 Ala. 562-4. After the reversal, the bill was amended, as stated in the opinion of this court; and the chancellor having sustained a demurrer to it as amended, his decree is here assigned as error.

HUMES, WALKER & SHEFFEY, for appellants.

WARD & BETTS, *contra.*

McCLELLAN, J.— Since the former appeal in this case (85 Ala. 562), the bill has been amended, and now presents the following state of facts: Mattie W. Lansden, wife of Abner D. Lansden and mother of the complainants, owned

[Lansden v. Bone.]

and possessed the lands in controversy, as her statutory separate estate. In the year 1870, the said Abner and his wife executed to Hugh P. Bone a conveyance of the lands, which was absolute in form, but which was intended to operate only as a mortgage to secure a debt from the said Abner to the said Bone. This conveyance contained the usual warranties of title, &c. Said Mattie W. died in January, 1877, intestate, owing no debts, and no administration was ever had upon her estate. Soon thereafter, Bone took possession of the lands, and continued in possession until 1883, when he abandoned them, and the complainants, who are the only heirs at law of Mattie W. Lansden, deceased, thereupon took possession, and filed this bill. The prayer of the bill, as amended, is to have the deed from Abner D. Lansden and wife to Bone declared a mortgage, and as such to confine its operation and effect to the life-estate of said Abner, as tenant by courtesy, in said lands, and to have the same cancelled, annulled and held void, as to the reversion therein after the falling in of the life-estate, which said reversion vested in the complainants as the heirs at law of Mattie W. Lansden. To the amended bill it was demurred, that " said bill, as amended, shows that said Abner D. Lansden became entitled to the use of said land during his life; that said conveyance to respondent of date November 1, 1870, if a mortgage, is a valid mortgage of said interest of said Abner D. in said lands; and complainants neither claim to be the owners of said Abner D.'s equity of redemption, nor allege payment of the mortgage debt, nor offer to pay what may be due respondent on it." This demurrer was sustained; and from the chancellor's decree in that behalf the present appeal is prosecuted.

Confining our consideration to the averments of the bill, we are forced to the conclusion, that the deed from Lansden and wife to Boone was intended solely to secure a debt of the husband, and is, therefore, in equity, to be treated as nothing more nor less than a mortgage. Being a mortgage of the wife's land to secure the husband's debt, and the land belonging to the wife's statutory estate, it was, of course, absolutely void as against the wife and her heirs, and wholly inefficacious to charge any interest she or they had or have in the subject-matter.—*Heard v. Hicks*, 82 Ala. 484, and cases cited. That the wife, whether in or out of possession, may exhibit her bill in the Chancery Court to have such a mortgage cancelled as a cloud on her title, is well settled.—*Armstrong v. Conner*, 86 Ala. 350; *Snyder v. Glover*, 75 Ala. 379; *Harden v. Darwin*, 77 Ala. 472. The wife dying with the legal title, on the face of the instrument, thus divested out of her, and, of conse-

quence, not descending to her heirs, it follows, in principle, that they, succeeding only to an equitable title upon which an action at law can not be maintained, would also succeed to her right to file a bill, while out of possession, to remove the cloud which the deed, regular and absolute on its face, but intended only to secure the husband's debt, casts upon their title. *Echols v. Hubbard, ante*, p. 309. It is not conceived that the supervention of a particular estate upon the death of the wife, in a case like this, could destroy the right of the wife's heirs to quiet their title to the reversion, or postpone action on their part to that end until the falling in of the outstanding life-estate. In such case, the right of the heirs to invoke the jurisdiction of equity to the cancellation of the deed as a cloud on their title, is emphasized by the concurrence of two disabilities to sue at law, one resulting from the equitable character of their title, and the other from the fact that, whatever the nature of their title, they can not maintain an action for the possession until the termination of the life-estate. And while not entitled to the possession before the death of the life-tenant, it may well be in the highest degree important to them in the meantime to establish their ultimate right, so as to make their estate in the reversion of present value to them, and to prevent the final destruction of their rights by the lapse of twenty years under the doctrine of prescription.— *Woodstock Iron Co. v. Fullenwider*, 87 Ala. 584.

In any view, therefore, the present complainants, whether in or out of possession, are entitled to have the cloud cast on their title to the reversion in this land removed. The bill, which they have exhibited for this purpose, is in no sense a bill to redeem either the life-estate or the reversion from the mortgage. They ask nothing in respect to the life-estate. They claim nothing against the mortgage, or otherwise out of that estate. Their sole purpose can be fully effectuated without disturbing in any degree Bone's rights in or relations to Abner Lansden's estate in the lands. The mortgage covers this estate, and nothing more. Bone is entitled to subject it to his debt, or to recover it for condition broken by Lansden's failure to pay the debt; but, in equity, he is entitled to neither subject nor recover the reversion. There is not, and never has been, on the facts alleged, any equity in Bone to demand the payment of Abner Lansden's debt, either from Mrs. Lansden or these complainants, as a condition precedent to the cancellation of the deed, so far as her or their estates in the land are concerned. In the contemplation of a court of equity, there is not, nor has there ever been, any deed or mortgage covering and conveying the interest of the heirs in this land to Bone;

[Kirkpatrick & Co. v. Boyd & Boyd.]

and they are under no sort of obligation to pay, or offer to pay, Bone's claim against Abner Lansden. To require them to show in their bill that the debt had been paid, or to aver a willingness to pay it, would be in effect to give validity to a mortgage of the wife's lands executed to secure the husband's debt, and be in the teeth of the very numerous decisions of this court, under statutes of force at the time of these transactions, to the effect that such instruments are absolutely void, as conveyances of the wife's land belonging to her statutory separate estate. It was, therefore, not essential to the relief prayed, on the facts presented by the bill, that complainants should have claimed to be the owners of Abner Lansden's equity of redemption, or have alleged payment of the mortgage debt, or offered to pay the same; the right of redemption appertaining to, and the debt being secured by, an interest or estate in the land to which the amended bill asserts no claim, and as to which it seeks no relief.

The decree of the chancellor, sustaining the demurrer, is reversed, and the cause remanded.