# Williams *v.* Lawrence.

*Bill in Equity to remove Cloud from Title.*

1. *Bill to remove cloud from title; not maintained by one not in possession.*—One claiming to have the legal title to land can not, while out of possession, maintain a bill in equity to remove a cloud from his title.

APPEAL from the Tuscaloosa Law and Equity Court. Heard before the Hon. JAMES J. MAYFIELD.

On July 13, 1898, the appellant, Tennie Williams, filed the bill in the present case, in which she averred the following facts: Martin M. Williams, Sr., being the owner of certain specifically described lands, on January 31st, 1883, executed a deed of conveyance to said lands, to his son W. W. Williams. The consideration of this conveyance was fictitious and simulated, and the lands were conveyed to W. W. Williams for the purpose of hindering, delaying and defrauding the creditors of Martin M. Williams. The purpose for which this conveyance was executed was known by each of the parties thereto, and W. W. Williams accepted the deed with such understanding. There was no change in the possession of the property, and W. W. Williams never set up title or claim thereto; but at all times regarded the lands as belonging to Martin M. Williams; Martin M. Williams retaining the undisturbed possession thereof, paying the taxes thereon, and exercising acts of ownership over said property.

On April 23, 1890, Luke E. Williams, another son of Martin M. Williams, who was cognizant of the facts and circumstances attending the execution of the deed to W. W. Williams, procured from said W. W. Williams a deed to a portion of the lands included in the deed from Martin M. Williams to W. W. Williams. This deed to Luke E. Williams contains recitals showing that W. W. Williams knew that he had no title and could convey none. After obtaining said deed, Luke E. Williams by permission and with the consent of his father Martin M. Williams, entered into possession of the lands described in the deed from W. W. Williams, and continued to occupy and cultivate the same until the year 1896.

On February 22, 1896, the complainant, knowing all of these facts, purchased from Martin M. Williams the lands which were included in the deed to Luke E. Williams from W. W. Williams and paid a valuable consideration therefor, and received from Martin M. Williams his deed of conveyance thereto. Under this deed the complainant went into possession of said property and continued to hold it until the defendant in the present suit took forcible possession thereof in the first of the year 1898 and continued to hold possession of said lands,

claiming title against the complainant, under a deed executed to the defendant to said lands, by Luke E. Williams on January 29, 1898.

The prayer of the bill was that the said deeds from Martin M. Williams to W. W. Williams, and from W. W. Williams to Luke E. Williams, and from Luke E. Williams to W. W. Lawrence be set aside and removed as clouds on complainant's title.

The defendants filed a motion to dismiss the bill for the want of equity. Upon the hearing of this motion, the court rendered a decree sustaining it and ordering the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

FITTS & FITTS, for appellant.

FOSTER & OLIVER, *contra.*

MCCLELLAN, C. J.—The bill shows that if complainant has any title it is a legal title. Its purpose is to remove clouds from that alleged legal title. It also shows affirmatively that complainant is not in the possession of the land from her alleged title to which it is sought to remove clouds. Her remedy is at law. She cannot maintain this bill while she is out of possession; and the court properly sustained respondent's motion to dismiss the bill for want of equity. .

It would seem that she could not maintain this bill even if she were in possession, for the reason that standing in the shoes of her grantor a court of equity would not relieve her against an earlier conveyance made by him to the grantor of the respondent to. defraud his creditors.

Affirmed.