(119 So. 209)

## FRAZIER v. ESPALLA et al. (1 Div. 517.)

Supreme Court of Alabama. Dec. 20, 1928.

Thornton & Frazer, of Mobile, for appellant.

488

Pillans, Cowley & Gresham, of Mobile, for appellees.

GARDNER, J. Upon consideration of this cause for final decree on pleadings and proof, a decree was rendered dismissing the bill, and from this decree complainant appeals.

The bill was filed under the well-known equity jurisdiction to remove cloud on title. Complainant asserts ownership in fee of the property here involved, a vacant lot in the city of Mobile, and seeks to have declared void and remove as a cloud upon her legal title a certain mortgage on the property executed by her husband, duly foreclosed, and conveyance made by the purchaser at the foreclosure sale to respondent Espalla.

Complainant obtained an absolute divorce from her husband, and her asserted ownership in fee of the property rests upon the decree in the divorce proceeding, vesting the title thereto in her, by way of permanent alimony. The mortgage and subsequent conveyances thereunder are attacked as wholly void, upon the theory that at the time of the execution of the mortgage the property constituted the homestead of complainant and her husband (the marital relations then existing), and that complainant did not join therein. Section 7883, Code of 1923; Lewis v. Lewis, 201 Ala. 112, 77 So. 406; Carey v. Hart, 208 Ala. 316, 94 So. 298.

Complainant's case, therefore, comes within the influence of the general rule "that a bill in equity to remove a cloud upon the title to land cannot be maintained by a party asserting a mere legal title, against a defendant in adverse possession under color of title, without showing special grounds for equitable interposition. Such bill lies only in favor of a person in possession, who consequently cannot bring an action to have the apparent title of the adversary claimant adjudicated at law." Peeples v. Burns, 77 Ala. 290; Williams v. Lawrence, 123 Ala. 588, 26 So. 647; Jones v. De Graffenreid, 60 Ala. 145; King Lumber Co. v. Spragner, 176 Ala. 564, 58 So. 920. Counsel cite the cases of Snyder v. Glover, 75 Ala. 379, Lansden v. Bone, 90 Ala. 446, 8 So. 65, and Armstrong v. Connor, 86 Ala. 350, 5 So. 451, in support of the insistence that a bill of the character here considered could be maintained, although complainant was not in possession; but in these cases complainant had only an equitable, as distinguished from the legal title, not cognizable in a court of law, and there existed therefore no adequate remedy at law. See, also, comment upon these cases in Patterson v. Simpson, 147 Ala. 550, 41 So. 842.

In filing the present bill, complainant recognized the application of the general rule and alleged possession in herself, averring "that she is in peaceable possession of said property, claiming to own and does own the same in fee." Appellee insists that, by characterizing her possession as peaceable, complainant has assumed an unnecessary burden, which, however, must be shown by the proof (Vaughan v. Palmore, 176 Ala. 72, 57 So. 488); but the conclusion here reached does not require a consideration of that question, and it is therefore laid out of view.

In Brand v. U. S. Car Co., 128 Ala. 579, 30 So. 60, it was said: "To constitute an actual possession of land, it is only necessary to put it to such use or exercise such dominion over it as in its present state it is reasonably adapted to." See, also, Abstract Co. v. Roberts, 213 Ala. 520, 105 So. 675; Burkett v. Newell, 212 Ala. 183, 101 So. 836.

We are persuaded from the evidence in this record, carefully considered by the court in consultation, that respondents have, since the purchase following the foreclosure of the mortgage in 1924, exercised such use and dominion over this property, a vacant lot, as in its present state it is adapted to. In addition to the testimony of respondent Espalla that he has been in possession of the property since his purchase without interference by any one, the proof shows regular assessment for taxation and a payment of all state, county, and city taxes by them during this time, a leasing of the lot for garden purposes for a period of two years, and the completion of the inclosure of the lot by the erection of a

wire fence across the front, and the mortgage and deeds under which respondents claim title appear to have been promptly recorded

During this time complainant was living with her brother, a distance of two miles from the lot, and exercised no dominion or acts of actual possession over the same. While she states she paid the taxes, except · for one year, yet she further states that such payments were evidenced by exhibits offered in evidence. These exhibits relate only to the year 1926. The removal of débris, as well as the trespass sign, from the lot, occurred in 1923, and before the mortgage foreclosure. The conclusion is therefore reached that complainant has failed to establish the averment of possession essential for the maintenance of a bill of this character under the facts. She has an adequate remedy at law. Thompson v. New England Mortg. Sec. Co., 110 Ala. 400, 18 So. 315, 55 Am. St. Rep. 29.

■ There is suggestion in brief of counsel for appellant that possession is not necessary to be established, as there is independent equity for the protection of complainant's inchoate dower rights. Taylor v. Taylor, 207 Ala. 217, 92 So. 109. But this is inconsistent with the theory of the bill, which sets forth ownership in fee in complainant, and expressly avers a divorce from the husband who owned the property, thus disclosing a bar to dower under section 7431, Code, of 1923. While the bill alleges money of complainant went into the purchase of the property, and title was taken in the name of the husband, there is nothing in the proof tending to support such allegation. We are unable to find any independent equitable feature to the bill which would avoid the general rule requiring a complainant, asserting a legal title to real estate and seeking to remove clouds on such title, to show possession. Possession, therefore, in complainant, was necessary to be proven to maintain the bill, and is a preliminary question to a determination of the merits of the title.

■ In the decree rendered there are preliminary statements of the opinion of the chancellor as to the title, but these are statements of opinion merely, and not a part of the decretal order. The only feature which constitutes an adjudication is that portion of the decree wherein "it is ordered, adjudged, and decreed by the court that the original bill of complaint be and the same is hereby dismissed, and that complainant be taxed with the costs of court." The dismissal of the bill, therefore, is the only question here for determination, and such dismissal is well rested upon a failure of proof of possession in complainant. The statements of opinion in the preliminary feature of the decree present nothing here for review, and the assignments of error thereon need no further consideration. Threadgill v. Dixie Ind. Co., 202 Ala. 309, 80 So. 391.

[5] The decree of the court below will be here affirmed, but modified, so that the dismissal of the bill be without prejudice to the rights of complainant to institute appropriate proceedings for the determination of the title to the property, if she so desires or is advised.

Modified and affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.