# Ware *v.* Dewberry *et al.*

### *Statutory Action of Ejectment.*

1. *Estoppel as between vendor and purchaser's heirs.*—In ejectment, or the statutory action in the nature of ejectment, brought by the vendor against the heirs of the deceased purchaser, the defendants are estopped from denying the plaintiff's original title; and they can only defeat a recovery by him, by showing a divestiture of his title by some kind of conveyance, or adverse possession for a length of time sufficient to bar his action.

2. *When plaintiff may recover on prior possession.*—The plaintiff in ejectment, or the statutory action in the nature of ejectment, may recover as against a trespasser, on proof of prior possession under color of title.

APPEAL from Clay Circuit Court.
Tried before Hon. JAS. W. LAPSLEY.

LACKEY & HOOD, and SMITH & SMITH, for appellant.—The plaintiff, and appellant, showed his prior possession under claim of ownership, which was sufficient to authorize a recovery.—76 Ala. 385; 68 *Ib.* 383; 38 *Ib.* 44; 65 *Ib.* 208. It is further shown that defendant's ancestor went in under plaintiff and that defendant's claim is in right of such ancestor, and therefore they can not dispute plaintiff's title.

J. T. HEFLIN, and A. S. STOCKDALE, *contra.*—Plaintiff must

[Ware v. Dewberry et al.]

make out his case. He showed neither legal title nor right to possession.—*Olive v. Adams*, 50 Ala. 373. The ancestor, Dewberry, is not shown to be a trespasser. Plaintiff must recover on the strength of his own title.—76 Ala. 385. The court below correctly gave the affirmative charge in favor of defendants.

SOMERVILLE, J.—The Circuit Court erred in giving the general affirmative charge, instructing the jury to find for the defendants if they believed the evidence. The defendants came into possession of the land sued for as the heirs of one Aaron Dewberry, holding by privity of estate under him as their deceased father and ancestor. He had purchased the land from the plaintiff, having paid a part of the purchase-money and gone into possession during his life-time. Under this state of facts the defendants were estopped from denying the original title of the plaintiff, from whom they claimed derivatively.—*Tenn. & Coosa R. R. Co. v. East. Ala. Railway Co.* 75 Ala. 516. They must show either a divestiture of the plaintiff's title by conveyance of some kind from him, or else an adverse possession for a sufficient length of time to bar the right of entry on his part.

The plaintiff, moreover, is shown to have had a prior actual possession of the lands, accompanied by both color of title and claim of ownership, which would be sufficient to authorize a recovery against an intruder or trespasser.—*Crosby v. Pridgen*, 76 Ala. 385; *Wilson v. Glenn*, 68 Ala. 383. The defendants deriving possession, and, so far as the bill of exceptions shows, only an imperfect equitable title from the plaintiff, intermediately through their father, Aaron Dewberry, the court would have been justified, on request, in giving the general affirmative charge for the plaintiff.

Reversed and remanded.