# Luffboro *v.* Foster.

*Bill in Equity for Cancellation of Contract, and Account of Rents and Profits.*

1. *Cancellation of contract on ground of fraud and mental incapacity.* A court of equity will decree the cancellation of a written instrument executed by a person who is *non compos mentis*, which provided that the grantee should have a half interest in his tract of land, on which certain improvements were to be erected, should control the property, and collect the rents, and that the property should not be sold for ten years without his consent; and will decree an account of the rents and profitt.

[Luffboro v. Foster.]

APPEAL from the Chancery Court of Tuskaloosa.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellee, in the interest of one John Maxwell, against the appellant, Nathan Luffboro. The nature of the bill, and the circumstances that led up to the making of the contract sought to be cancelled, are sufficiently set out in the opinion in this court. The complainant prayed that the contract be declared void and cancelled; that all right, title and interest of the defendant be divested out of him, and invested in the said John Maxwell; that the defendant be held to account for the rents and profits of said property—reference to the register being had—and that the said property be restored to the guardian of said Maxwell. The defendant demurred to the bill and assigned among other grounds, that the bill showed that the complainant had a plain and adequate remedy at law; that the bill was multifarious; and that the bill was repugnant and inconsistent in its allegations and prayers. The chancellor overruled the demurrer. The defendant then answered, denying the principal averments of the bill. Upon the final submission of the cause upon the pleadings and proof, the chancellor decreed that the contract be cancelled; that the defendant surrender possession of said lands; and, also, that the complainant recover of the defendant one-half of the excess of the rents received by the defendant over the value of the improvements placed upon the said property by the defendant.

The defendant prosecutes this appeal, and assigns the decree of the chancellor upon the demurrer, and also his final decree, as error.

MARTIN & McEACHIN, and WOOD & WOOD, for appellant.

HARGROVE & VANDEGRAAFF, *contra.*

WALKER, J.—The bill in this case was filed in behalf of John Maxwell by his next friend to secure the cancellation of a contract made by him with the appellant Nathan Luffboro on the ground of said Maxwell's mental incapacity which, it is alleged, was fully known to said Luffboro and was fraudulently taken advantage of by him. The contract was in reference to a lot of land belonging to said Maxwell and the erection and control of improvements thereon. It provided, among other things, that said Luffboro should have a half interest in said property, that he should control the same and collect the rents therefrom and that said property should not be sold for ten years without his consent. The bill alleged that said Luffboro

was in possession of the property and had been receiving and appropriating to himself all the rents therefrom. The appeal is from a decree in favor of complainant.

No brief of counsel has been filed in support of the assignments of error, some of which are palpably without merit, and none of which can be sustained. The demurrer to the bill was properly overruled. The relief afforded by the legal remedies for the recovery of possession of the property was plainly inadequate. Mere restoration to possession of the land would have left in Luffboro's hands the instrument which is impeached by the averments of the bill. Upon its face the contract was valid and was something more than a cloud upon the title to the land. It purported to bind Maxwell personally. It evidenced a transaction which was voidable at the instance of one of the parties thereto on account of his mental incapacity. It would be wrong to leave the instrument outstanding as it could be used only for a sinister purpose, and it might be so used in the future when the evidence of the facts to show its invalidity may be no longer available. The relief required for the correction of this wrong is such as a court of law can not afford. A proper case is presented for the application of the equitable remedy of cancellation.—*Smith v. Pearson*, 24 Ala. 355. Here is a plain equity to support the bill. The other relief prayed is appropriate to the purpose of restoring the helpless owner of the property to as favorable position in reference thereto as he occupied when he was over-reached and entrapped into signing the instrument.

The record showing clearly that said Maxwell was *non compos mentis* at the time he entered into the contract and was incompetent to make a valid conveyance, and further that appellant was allowed the value of the improvements erected by him as ascertained by the report of the register, and was charged only with the amount of rents received, it is not conceived upon what grounds errors of injury to appellant could be imputed to the Chancery Court in reference to the allowance for improvements or as to charging appellant with the rents. The evidence taken in the case was not copied into the transcript. For the purpose of the appeal an agreement was made, as to what the evidence showed in some particulars only. There is nothing in that agreed statement to show that the court erred in the particulars pointed out by the assignments of error.

Affirmed.