# Dougherty *v.* Powe.

*Action of Ejectment.*

127  577
129  282
127  577
131  283
127  577
136  562
127  577
e142 564

1. *Deed; void when executed by non compos mentis.*—A deed executed by a person who is *non compos mentis* is absolutely void, and passes no title whatever to the grantee.

2. *Same; same; ejectment; insanity a question for the jury.*—In an action of ejectment, where the plaintiff bases her right to recover upon a deed, and there is evidence introduced tending to show that at the time of the execution of said deed the grantor therein was a *non compos mentis* and incapable of entering into a contract, the question of insanity *vel non* of such grantor, is for the determination of the jury, and there being conflict in the evidence, the court errs in giving the general affirmative charge for the plaintiff.

3. *Ejectment; amendment of cause of action.*—Where a statutory action of ejectment is brought by a minor by her next friend, and it is shown during the progress of the trial of the cause that the legal title to the land sued for was not in such minor, but was in a person named as next friend, as trustee for said minor, it is not competent for the complaint to be amended by striking out the original count and inserting in lieu thereof a complaint in a common law action of ejectment, laying two demises, one in the name of the minor by her next friend, and the other in the name of the next friend, as trustee, etc.; and such amendment, if allowed, operates as a discontinuance of the cause.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. A. H. ALSTON.

This action, as originally instituted, was a statutory action in the nature of ejectment, brought by Frances

37

Powe, by her next friend, Alice Powe, against the appellant, Ed. Dougherty, to recover certain lands specifically described in the complaint.

The cause was tried upon issue joined on the plea of the general issue. The plaintiff claimed the lands sued for under a deed executed by one Barton Atchison, who was the owner of said lands, in 1893, and in said deed Barton Atchison conveyed to Alice Powe, as trustee for Frances Margery Powe, the lands sued for.

There was evidence introduced tending to show that said deed was executed only two days after Barton Atchison had a stroke of paralysis, and that at the time of the execution of said deed he did not know what he was doing, and was mentally incapacitated to transact business, and was incapable of entering into a contract of any character. It was further shown by the evidence that several months after the execution of said deed and after it had been filed in the office of the judge of probate, Barton Atchison, upon being handed the deed by the probate judge, stated that he did not remember executing the deed, and that he thereupon tore up the deed and put it in the fire. After the plaintiff had introduced her evidence showing that the deed from Barton Atchison conveyed the property to Alice Powe for Frances M. Powe, the plaintiff then asked leave of the court to amend her complaint by striking out the original complaint and filing in lieu thereof a complaint in a common law action of ejectment containing two demises, one in favor of Frances M. Powe by her next friend, and the other in favor of Alice Powe, as trustee, etc. The defendant objected to the allowance of this amendment, upon the ground that it introduced an entirely new cause of action, made an entire change of parties, and operated as a discontinuance. The court overruled the objection, allowed the amendment to be made, and to this ruling the defendant duly excepted.

The defendant claimed title to the property sued for under a deed from said Barton Atchison executed on July 29, 1895, and this deed was introduced in evidence.

[Dougherty v. Powe.]

Upon the introduction of all the evidence the court at the request of the plaintiff gave to the jury the following written charge: "The court charges the jury that if they believe the evidence in this case, they must find for the plaintiff." To the giving of this charge the defendant duly excepted. There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JAMES H. WEBB and JOHN E. MITCHELL, for appellant.—The deed under which the plaintiff in this case claimed was absolutely void, and passed no title.—*Kennedy v. Marrast*, 46 Ala. 167; *Rawdon v. Rawdon*, 28 Ala. 566; *Thompson v. Mortgage Co.*, 110 Ala. 400; *Dexter v. Hall*, 82 U. S. 9; *German S. & L. So. v. DeLashmutt*, 67 Fed. Rep. 400.

There being conflict in the evidence, concerning the question of the insanity of the plaintiff's grantor, the general affirmative charge should not have been given in favor of plaintiff.—*Bromley v. B. M. R. R. Co.*, 95 Ala. 404; *Smoot v. M. & M. R. Co.*, 67 Ala. 16.

It was not competent to amend the complaint as laid in this case.—Code of 1896, § 3331.

CHARLES L. BROMBERG, JR., *contra.*—The deed of a person *non compos mentis* who is not under guardianship, transfers a seizin and is merely voidable, and if executed during a lucid interval it can not be successfully assailed on the ground of anterior or subsequent insanity of the grantor.—Tiedeman on Real Property, § 792; Devlin on Deeds, § 73; *McAnon v. Tiffin*, 45 S. W. Rep. 656; 9 Amer. & Eng. Encyc. of Law, (2d ed.), 119; *Jamison v. Calligan*, 52 S. W. Rep. 224; 2 Kent. Com., *451; *Kennedy v. Marrast*, 46 Ala. 167.

DOWDELL, J.—One of the essential elements to the validity of a contract is the concurring assent of two minds. If one of the parties to a contract is insane at the time of its execution, this essential element is wanting. The principle is the same whether the contract

rests in parol or be by deed. A deed executed by a person *non compos mentis* is absolutely void.—*Thompson v. N. E. Mortgage Sec. Co.*, 110 Ala. 400; *Kennedy v. Marrast*, 46 Ala. 167; *Rawdon v. Rawdon*, 28 Ala. 566; *Dexter v. Hall*, 82 U. S. 9; *Van Dusen v. Sweet*, 51 N. Y. Ct. App. 384; *Brown v. Miles*, 61 Hun. 453; 9 Am. & Eng. Encyc. Law, (2d ed.), 120; *Farley v. Parker*, 6 Ore. 105; 25 Am. Rep. 504; *DeSilvey's Estate*, 5 Raw. (Pa.), 111; *Leggett v. Clark*, 111 Mass. 309; *German Sav. & Loan So. v. DeLashmutt*, 67 Fed. Rep. 400. "Since the time of *Thomas v. Leach*, Carth., 335, it has been held that a lunatic's conveyance is absolutely void as to third parties."—*Rogers v. Walker*, 6 Pa. St. 371; s. c. 47 Am. Dec. 472.

The question of insanity is one of fact, and should be left to the determination of the jury. There was evidence tending to show that the grantor in the deed relied upon by the plaintiff for recovery was, at the time of its execution, of unsound mind and incapable of entering into a contract. Upon this question there was a conflict in the evidence, and the court therefore erred in giving the affirmative charge for the plaintiff.

In the statutory action of ejectment to try titles, in the nature of an action in ejectment, the suit should be brought in the name of the party having the legal title. The present action was originally commenced by summons and complaint in the name of Frances Powe, by her next friend, Alice Powe, and was in form the statutory action of trespass to try titles. After entering upon the trial of the cause, upon issue joined upon the plea of "not guilty," the plaintiff's evidence showed that the legal title to the lands in dispute was not in Frances Powe, but was in Alice Powe, as trustee, etc. Thereupon the plaintiff, by leave of the court, but against the objection of defendant, was permitted to amend his pleading by striking out the original complaint and introducing the common law form of ejectment, laying two demises, one in Frances Powe by her next friend Alice Powe, and another in Alice Powe, as trustee, etc.

[Dougherty v. Powe.]

The limit of amendment as to parties, under the statute, is that the amendment shall not effect an entire change of parties. In the suit as originally brought, Frances Powe was the real plaintiff and party to the suit, and Alice Powe was simply a nominal plaintiff. No recovery could have been had without showing legal title to the land in question in the real plaintiff, Frances Powe. While it has been held by this court that an amendment striking out the name of the nominal plaintiff is allowable (*Dwyer v. Kennemore*, 31 Ala. 639), or the inserting of the name of a nominal plaintiff (*Am. Union Tel Co. v. Daughtery*, 89 Ala. 101), yet a change from guardian of ward to ward by next of friend was held not to be allowable in the case of *Fowkes v. Railroad Co.*, 38 Ala. 310. The striking out of the nominal plaintiff does not change the party to the suit, but merely the form or manner of bringing the suit, while the striking out of the real plaintiff would leave no party plaintiff to the suit.

We think it plain that the suit as originally commenced in the name of Frances Powe as the real plaintiff could not have been amended by striking out this party as plaintiff and inserting Alice Powe as the sole plaintiff of record. To allow the form of amendment as adopted in this case by the plaintiff in introducing the common law form of ejectment would be to permit that to be done indirectly by the pleading which could not have been done by a direct mode. Under the common law form of ejectment introduced into the pleading, the plaintiff is without limitation in laying his demises, and each demise laid is a separate and distinct count, and the plaintiff would be allowed to recover upon any one of the demises laid if sustained by evidence. Or, in other words, if the evidence showed the legal title to be in any party in whom a demise was laid, the plaintiff would be entitled to recover, and thereby, by this manner and form of amending his suit of a trespass to try title under the statute, to effect a recovery through a plaintiff not a party to the original suit and who could not have been substituted by the mere adding of his name to the original complaint and striking out the

[Scales *et al.* v. Doe *ex dem.* Otts.]

sole original plaintiff without thereby creating a discontinuance of the suit. The facts of this case are sufficient to demonstrate the proposition we have laid down. There is no pretense of any legal title in Frances Powe, who was the real party plaintiff in the suit as originally commenced, and the recovery is had upon evidence showing legal title in Alice Powe under the demise laid in her name and who could not have been substituted in the original form of the action as sole plaintiff by striking out the name of Frances Powe without creating an entire change of parties plaintiff, resulting necessarily in a discontinuance of the cause. And if the amendment had been made in the original form by adding the name of Alice Powe as the real plaintiff, without striking out the name of Frances Powe, then in that state of the pleading, under the undisputed facts, there could have been no recovery by the plaintiff, for all the plaintiffs must recover, or none can recover. The effect of the amendment as made was to operate a discontinuance of the cause, and the judgment of the circuit court must, therefore, for the errors pointed out, be reversed, and the cause having been discontinued by the amendment made, a judgment will be here rendered dismissing the suit.

Reversed and rendered.

*Common Law Action of Ejectment.*

