# Wilkinson *et al.* v. Wilkinson *et al.*

*Bill in Equity to have Conveyance of Property declared Void and Cancelled.*

129 279
131 283
131 285

129 279
136 469
136 562

129 279
142 564

1. *Non compos mentis; when deed void.*—A deed executed by one who is *non compos mentis* and incapaple of entering into a contract, is not merely voidable but absolutely void, and passes no title to the grantee named therein.

2. *Same; bill to cancel deed of non compos mentis; when without equity.*—On a bill filed for the purpose of having a certain conveyance declared void and cancelled, upon the ground that the grantor therein is *non compos mentis* and incapable of contracting, where it appears that the complainant was out of possession of the property at the time of the institution of the suit, there exists no necessity for invoking the jurisdiction of a court of equity, and such bill is without equity; the law affording a plain and adequate remedy for the recovery and possession of the land.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was originally filed on November 15, 1892, by W. W. Wilkinson by next friend, against H. A. Wilkinson, Harriet Weil, Abraham Weil and Emanuel Lehman. It alleged that said W. W. Wilkinson was a *non compos mentis*, and had become insane during 1880, and had been carried to and detained at the asylum for a long period, and was never subsequently of sound mind, but there is no allegation that he was ever adjudged insane. It is further alleged that in July, 1885, H. Z. Wilkinson, a son of W. W. Wilkinson, by arts and

misrepresentations, induced said W. W. Wilkinson to convey his entire estate to said H. Z. Wilkinson, and that said conveyance was procured while the grantor was insane and incapable of transacting business. A copy of the conveyance is attached as an exhibit to the will, and it shows that the deed was in proper form, properly acknowledged, and duly recorded July 10, 1885, the day after its execution, and appears to have been executed by W. W. Wilkinson and wife, and bears no evidence that it was executed by other than sane persons.

The bill further alleges that H. Z. Wilkinson pretended to convey by mortgage to one Moses Weil the property conveyed to him by W. W. Wilkinson. A copy of this mortgage is exhibited to the bill, and the consideration mentioned therein is an indebtedness on the part of said H. Z. Wilkinson to Moses Weil in the sum of $24,-034.47, evidenced by five promissory notes, payable in 1889, 1890, 1891, 1892 and 1893, respectively, and the mortgage and notes bear date September 21, 1888. This mortgage was duly acknowledged by H. Z. Wilkinson and wife, and duly recorded September 22, 1888. It is further alleged that Moses Weil died February 26, 1892, and that his executors, Harriet Weil, Abraham Weil and Emanual Lehman, are attempting to dispose of the property; that said conveyance and mortgage are void; that irreparable injury will be sustained if Weil's executors are not restrained from disposing of the property; that the houses, etc., on said property are rapidly decaying for want of attention, and that trespassers are cutting valuable timber. The bill prays for a receiver to take charge of the property, collect rents, etc., and that the conveyance and mortgage be declared void.

On July 1, 1896, the bill was amended by showing the death of W. W. Wilkinson, and reviving in the name of all his heirs, except H. Z. Wilkinson, viz.: J. D. Barrow, E. W. McCall, Charles Wilkinson and S. V. Wilkinson.

The respondent moved to dismiss the bill for want of equity, and also demurred to the bill upon the ground that the bill shows no case entitling the complainant to the relief prayed for; and that there is a plain and adequate remedy at law.

On the submission of the cause, the chancellor rendered a decree overruling both the motion to dismiss the bill and the demurrers. From this decree the defendants appeal, and assign the rendition thereof as error.

C. E. HAMILTON and WATTS, TROY & CAFFEY, for appellants.—The chancery court never entertains a bill to remove clouds in the shape of deeds which are void.—*Rea v. Longstreet*, 54 Ala. 291; *Camp v. Elston*, 48 Ala. 81; *Daniel v. Stewart*, 55 Ala. 278; *Lockett v. Hurt*, 57 Ala. 198; *Tyson v. Brown*, 64 Ala. 244.

The allegation that W. W. Wilkinson was a *non compos mentis* and that the deed is void, thereby shows the complainants have a full, complete and adequate remedy at law.—*Pike v. Pike*, 104 Ala. 642; *Rawdon v. Rawdon*, 28 Ala. 565; *Marrast v. Kennedy*, 46 Ala. 161; *Thompson v. N. E. M. S. Co.*, 110 Ala. 400; *Dexter v. Hall*, 15 Wall. 9.

A. A. WILEY and STALLINGS & WILKINSON, *contra*, cited *Seals v. Robinson*, 75 Ala. 363; *Hooper v. R. R. Co.*, 69 Ala. 525; *Cox v. R. R. Co.*, 44 Ala. 611; *Cahalan v. Monroe*, 56 Ala. 303.

TYSON, J.—The bill seeks to have certain conveyances declared void and cancelled. The material allegations of the bill upon which this relief is predicated may be stated to be these: That during the year 1880, the complainant was taken violently ill and became insane, and has never subsequent to said date been *compos mentis* or of sound mind; that in July, 1885, he executed to his son, H. Z. Wilkinson, a deed to certain real estate while he was insane, and incapacitated and incapable of contracting; that H. Z. Wilkinson, in 1888, executed a mortgage to his co-respondents' testator. It sufficiently appears that complainant was out of the possession of the lands.

There was a motion to dismiss the bill for want of equity and a demurrer to it on the ground that the complainant has adequate remedy at law.

The deed was absolutely void, not merely voidable, and therefore a nullity. Being void, no title passed by

it to H. Z. Wilkinson, and, of course, the mortgage executed by him conveyed none.—*Daugherty v. Powe*, 127 Ala. 577, and authorities therein cited; Beach on Modern Law of Contracts.

Complainant being insane and his deed a nullity on that account, it is of no consequence that it was procured by arts and misrepresentations.

The deed being absolutely void at law, no necessity exists for invoking the exercise of the jurisdiction of a court of equity to have it declared void. As the law affords a plain and adequate remedy for a recovery of the possession of the lands, the bill is without equity.—*Daniel v. Stewart*, 55 Ala. 278; *Tyson v. Brown*, 64 Ala. 244; *Peeples v. Burns*, 77 Ala. 290; *Smith v. Cockrell*, 66 Ala. 47; *Arnett v. Bailey*, 60 Ala. 435; *Lehman v. Shook*, 69 Ala. 496; *Curry v. Peebles*, 83 Ala. 225; *Armstrong v. Connor*, 86 Ala. 350; *Williams v. Lawrence*, 123 Ala. 588; *Brown v. Hunter*, 121 Ala. 210, and cases cited therein.

The decree of the chancery court will be reversed and a decree will be here rendered dismissing the bill.

Reversed and rendered.