# Galloway, Trustee v. Hendon, Guardian.

*Bill in Equity to remove Cloud from Title.*

1. *Deed of insane person; void.*—A deed of conveyance executed by an insane person is void, and the legal title to the land is still in him, notwithstanding the fact that the purchaser had no knowledge of the grantor's insanity at the time the conveyance was made; and this is true even as to a sub-purchaser, without knowledge of the original grantor's insanity.

2. *Bill to remove cloud from title; necessary that complainant should be in possession; possession must be averred.*—To invoke the jurisdiction of a court of equity to cancel deeds on the ground that the grantor was insane at the time of making same, and to have the same removed as a cloud upon title, the complainant must be in actual possession of the land at the time of the filing of the bill, and this fact must be averred.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this cause was filed by the appellee, T. S. Hendon, as guardian of Hugh McLain, against appellant, to remove a cloud from the title of the ward's land, described in the bill, by cancelling two deeds made by Hugh McLain to M. P. Leith and H. W. Leith. The last mentioned deed conveyed only the mineral interests. The respondent claims through mesne conveyances the mineral interests in the lands described. The bill alleged that the grantor, Hugh McLain, was insane at the time he executed the deeds, that the consideration was inadequate, and that M. P. and H. W. Leith had knowledge of grantor's insanity at the time of the conveyances. The respondent denied these allegations, and for further answer set up that neither the grantees of McLain, nor those under whom respondent claimed, nor respondent himself, had any knowledge of the insanity of McLain at the time they received the deeds. A jury was empannelled to determine whether the grantor was insane and whether the consideration was inadequate, but they failed to arrive at a verdict.

The court then proceeded to determine these issues of fact from the testimony taken by deposition, and decided both of them in the affirmative.

The original bill alleged that complainant was in possession of the land at the time of the filing of the bill, but this was afterwards stricken out by amendment, and in lieu thereof was inserted an averment to the effect that the grantor had never delivered possession of the lands to the grantees or their assigns.

The prayer of the bill was that the deeds be cancelled as a cloud upon complainant's title, that all interest be divested out of the respondent, and that title be vested in the complainant.

Upon final submission of the cause, upon the pleading and proof, the court decreed that the deed made by McLain to H. W. Leith be cancelled; that the deed to M. P. Leith, so far as it attempts to convey mineral interests, be cancelled, and the right, title and interest of the respondent be divested out of him and be vested in Hugh McLain.

[Galloway, Trustee, v. Hendon, Guardian.]

From this decree respondent appeals, and assigns the rendition thereof as error.

COLEMAN & BANKHEAD, and FORNEY JOHNSTON, for appellant.—The deed of an insane person will not be declared void when the other party acted in good faith, in ignorance of his insanity, and where he cannot be placed in *statu quo*.—*Thames v. Rembert*, 63 Ala. 571; *Odom v. Riddick*, 104 N. C. 515; *Ashcraft v. DuArmand*, 44 Iowa, 229; *Stockenger v. Tobin*, 139 N. S. 176 "A."; Clark on Contracts, 269, 270; *Riley v. Carter*, 19 L. R. A. 489, note; 16 Encyc. Law, (2d ed.), 625.

Deed of insane person is voidable, not void.—28 Ency. Law, (1st ed.), 478; 9 Ency. Law, (2d ed.), 119; 11 Ency. Law, (1st ed.), 146; 2 Kent's Com. (7th ed.), 562; Bishop on Contracts, 972; *Riley v. Carter, supra;* Code, § 981; *Burnham v. Kidwell*, 113 Ill. 429; *Kennedy v. Marrast*, 46 Ala. 161; 1 Story Eq. Juris., § 228; *Harrison v. Harrison*, 28 So. Rep. 586; Pomery Eq. Juris., Vol. 2, § 946; *Corbitt v. Smith*, 7 Iowa, 60; *Berens v. McKenzie*, 23 Iowa, 333; *Worthington v. Campbell*, 1 S. W. R. 714.

There is no distinction between the capacity to make different kinds of contracts. A legal capacity to make any contract is a capacity to make all contracts.—*Hale v. Brown*, 11 Ala. 87; *McElroy v. McElroy*, 5 Ala. 81; *Stubbs v. Houston*, 33 Ala. 567.

The bill in this cause cannot be considered as filed entirely under Section 809 of the Code, for complainant seeks other than the statutory relief, and the decree of the chancellor is far beyond the limits fixed by these sections. Hence we must apply equitable principles in determining the equity and the requirements of the bill, as regards the parties, the offer to do euity, and the chancellor's decree. (a) As to parties.—*Turner v. Cruzen*, 30 N. W. R. 483; 144 Pa. 284; 37 Pa. 427; 166 Pa. 536. (b) Equity.—*Interstate Bld. & Loan Asso. v. Stocks*, 124 Ala. 109; *Faulk v. Calloway*, 123 Ala. 325; *Reed v. Tyler*, 56 Ill. 288; *Gage v. Pumpelly*, 115 U. S. 454; *Elliott v. First National Bank*, 125 Ala. 146; Pomeroy Eq. Jur., Vol. 3, § 1300.

[Galloway, Trustee, v. Hendon, Guardian.]

BANKS & SELHEIMER, SMITH &'NORVELL, and SMITH & SMITH, *contra.*—The deed of an insane person is void. *Dexter v. Hall*, 15 Wall. 26; *Crawford v. Scoville*, 94 Pa. St. 48; *Hovey v. Hobson*, 53 Me. 451; *Gibson v. Soper*, 6 Gray, (Mass.), 279; *Rogers v. Walker*, 6 Pa. St. 371; *Rogers v. Blackwell*, 49 Mich. 192; *Elder v. Schumacher*, 33 Pac. Rep. 175; *German Am. Sav. Ass'n. v. DeLashmutt*, 67 Fed. R. 399; *Kennedy v. Marrast*, 46 Ala. 167; *Pike v. Pike*, 104 Ala. 642; *Pollard v. Milligan*, 112 Ala. 468; *Davis v. Tarver*, 65 Ala. 98; *Rawdon v. Rawdon*, 28 Ala. 566.

A *bona fide* purchaser is not protected.—*Elder v. Schumacher*, 33 Pac. R. 175; *German Assn. v. DeLashmutt, supra; Hovey v. Hobson, supra; Rogers v. Blackwell, supra; Hull v. Louth*, 109 Ind. 315; Dan. on Neg. Instruments, § 214.

TYSON, J.—If it be true as alleged in the bill that complainant was insane at the time he executed the two deeds to the Leiths, those deeds are *void* and the legal title to the lands in controversy is still in him. And this is true notwithstanding respondent may have purchased the lands without notice of complainant's insanity.—*Wilkinson v. Wilkinson*, 129 Ala. 279; *Dougherty v. Powe*, 127 Ala. 577.

The complainant, if insane, having the legal title, to entitle him to invoke the jurisdiction of a court of equity to cancel the various conveyances sought to be cancelled, must have been in the actual possession of the lands at the time of the filing of the bill, which fact must be averred. In *Thorington v. City Council of Montgomery*, 82 Ala. 595, it was said by STONE, C. J.: "It is settled in this State beyond further dispute, that to maintain a bill to remove or prevent a cloud on title, the complainant must be in the actual possession of the lands, and the bill, to be sufficient, must aver that fact. *McLean v. Presley*, 56 Ala. 211; *Baines v. Barnes*, 64 Ala. 375; 3 Brick. Dig. 358, § 375. There is no averment in the present bill that the complainant was in possession, and it follows that, as a suit to prevent a cloud on title, it is without equity."

In *Plant v. Barclay*, 56 Ala. 563, the same learned judge, speaking for the court, said: "A party, not in possession, and claiming under a legal title, can sue at law, and in such suit test the strength of his own and that of his adversary's title. He has no standing in a court of equity. This, upon the familiar principle, that there is an adequate remedy at law. * * * In such cases, it is a fundamental principle, that equity will not lend its aid, unless, on some ground averred and shown, the law court is incompetent to give adequate relief." See also *Kelly v. Martin*, 107 Ala. 479; *Brown v. Hunter*, 121 Ala. 210; *Belcher v. Scruggs*, 125 Ala. 340.

In the last case cited, this court said: "There is no averment that the complainants were in possession of the land prior to and at the time of the filing of the bill. So far as its allegations show, they have a complete and adequate remedy at law. Without this averment, it is wholly without equity, there being no special equity alleged showing some obstacle or impediment, which would prevent or embarrass the assertion of their rights at law."

We have but to apply these principles to the case in hand to show that complainant is not entitled to the relief sought. The original bill contained the averment that "Orator is in actual possession of said lands now and has always been in possession of same and never delivered possession of any part of said lands at any time to either of the grantees in said deeds or their assignees." But by amendment this averment was stricken out and in lieu thereof this averment was made: "That the said Hugh McLain never delivered possession of said lands or any part thereof to either of the grantees in said deed or to their assigns or to any of the subsequent purchasers of said lands, either at the time of the execution of said deed or at any time thereafter." It is scarcely necessary to say that this is not the equivalent of an averment that complainant was in possession of the lands at the time of the filing of the bill. Besides, there is no evidence in the record tending to sustain this averment. Nor does the evidence afford the remotest inference that he was in the actual possession

of the lands when this suit was commenced. On the contrary, the only reasonable deduction to be drawn from it, is, that the lands were in the possession of others who claim title to them. But had complainant proven, beyond dispute, his possession, it would have availed nothing in the absence of such an averment in the bill as amended.—*Belcher v. Scruggs, supra.*

The case of *Pike v. Pike,* 104 Ala. 642; *Luffboro v. Foster,* 92 Ala. 477, and *Marrast v. Kennedy,* 46 Ala. 161, are relied upon as opposed to the views we have expressed. The bills in *Pike v. Pike,* and *Marrast v. Kennedy* contained separate and independent subject-matter of equitable cognizance, to-wit: fraud and want of consideration for the deeds assailed. The bill in the case of *Luffboro v. Foster* sought the cancellation of a contract which was something more than a cloud upon the title to the land. It purported to impose a personal liability upon the complainant. It is clear that those cases are not opposed to the views we have expressed.

Complainant having an adequate remedy by ejectment (10 Am. & Eng. Ency. Law, 2d ed., 497) to test the strength of his title, and his right to the possession of the lands, he cannot maintain a bill to remove a cloud upon his title until he acquires the possession of them. *Wilkinson v. Wilkinson, supra,* and authorities there cited; 17 Encyc. Pl. & Prac. 282, 283, 284; 10 Ency. Pl. & Pr. 1223; Buswell on Insanity, §§ 116, 117 *et seq.* p 137.

The decree of the chancery court is reversed, and a decree will be here rendered dismissing the bill without prejudice.

Reversed and rendered.

SHARPE, J., *dissenting.*