# Boddie *et al. v.* Bush

*Bill in Equity to have Conveyance of Property annulled and cancelled.*

1. *Insanity; bill to cancel deed of non compos mentis; when without equity.*—On a bill filed for the purpose of having a conveyance of land declared void and cancelled upon the ground that the grantor therein was, at the time of its execution, *non compos mentis*, and incapable and disqualified to execute said conveyance, where it appears that the complainant was not in possession of the property at the time of the institution of the suit, there exists no necessity for the invoking the jurisdiction of a court of equity, and such bill is without equity; the law affording a plain and adequate remedy for the recovery of possession of said land.

APPEAL from the Chancery Court of Butler.
Tried before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellants as heirs at law of one Nancy L. Whittle, against the appellee, Mary E. Bush. It was averred in the bill of complaint

that on November 5, 1895, Nancy L. Whittle was seized and possessed of certain lands situated in Butler county; that on said day she conveyed said lands to the defendant, Mary E. Bush, who was her daughter; that the consideration expressed in said deed was the love and affection said Nancy L. Whittle had for her daughter Mary E. Bush. It was then averred in the bill. that at the time of the execution of said deed, said Nancy L. Whittle was living with her daughter said Mary E. Bush, and was "insane and incapacitated and disqualified to execute said conveyance by reason of her insanity at the time."

The prayer of the bill was that said deed be set aside, annulled and cancelled, and for general relief.

The defendant. made a motion to dismiss the bill for the want of equity. This motion was overruled. Thereupon the defendant answered, admitting th execution of the deed, but denying the insanity of the grantor at the time of the execution.

On the final submission of the cause on the pleadings and proof the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

COOK & COOK and C. E. HAMILTON, for appellant.—A legal capacity to consent is of the essence of all contracts, whether by deed or parol. The deed of a *non compos mentis*, not affirmed when he is of sound mind, is void and will after his death be vacated by a court of equity, at the instance of his heirs.—3 Brickell's Digest, 297, § 1; *Rawdon v. Rawdon*, 28 Ala. 565; *Saxson v. Whittaker*, 30 Ala. 237; *Burke v. Taylor*, 94 Ala. 330; *Kennedy v. Marrast*, 46 Ala. 161; *Pike v. Pike*, 104 Ala. 642.

LANE & CRENSHAW and H. D. LAMPLEY, *contra.*—If it be true as alleged in the bill of complaint that the grantor in the deed was insane when the conveyance was made, the deed was void. and appellants being out of possession as shown conclusively by the evidence, the remedy

[Englehart *et al.* v. Richter, Exec. etc.]

at law was complete; and there being no equity in the bill, the court below properly dismissed it.—*Jackson v. Knox,* 119 Ala. 320; *Wilkinson v. Wilkinson,* 129 Ala. 279; *Pike v. Pike,* 104 Ala. 642.

DOWDELL, J.—The bill cannot be considered one to remove cloud from title. There is neither allegation nor proof of possession in the complainants.

The averments of the bill taken as true, show the deed assailed to be absolutely void. The complainants have a complete and adequate remedy at law, and the bill is, therefore, wanting in equity.

The cause was submitted for final decree on the pleadings and evidence, and the chancellor properly dismissed the bill.—*Dougherty v. Powe,* 127 Ala. 577; *Wilkinson v. Wilkinson,* 129 Ala. 279, and authorities cited in those cases; *Galloway, Trustee, v. Hendon,* 131 Ala. 280.

The decree will be affirmed.