172 So. 600

**JACKSON v. AMERICAN BANK & TRUST CO. et al.**

**4 Div. 915.**

Supreme Court of Alabama.

Feb. 18, 1937.

Powell & Fuller, of Andalusia, for appellant.

Powell, Albritton & Albritton, of Andalusia, and John W. Lapsey, of Washington, D. C., for appellee RFC.

BOULDIN, Justice.

Appeal from a decree sustaining demurrers to a bill in equity as last amended.

It appears from the amended bill, construed most strongly against the pleader, that in 1930 J. A. Benton was the owner of and held a certificate, No. 207, for stock in Opp Cotton Mills, par value $2,000; that by indorsement of a transfer on the stock certificate it was assigned to American Bank & Trust Company of Opp, and thereafter, on October 2, 1930, said transferee surrendered this certificate, caused same to be canceled, and a new certificate, No. 234, issued to American Bank & Trust Company; that this new certificate was assigned by the holder as collateral security to Andalusia National Bank; and still later, July 17, 1932, that bank assigned the same to Reconstruction Finance Corporation as collateral security for a loan to said Andalusia National Bank. The stock is now so held.

The purpose of the bill is to have the surrender and cancellation of the certificate of stock, No. 234, cancellation of the transfer on the books of the corporation, and issuance of a new certificate to the administratrix of the estate of J. A. Benton, who has died pending the suit.

The original bill filed October 31, 1931, in which American Bank & Trust Company and Opp Cotton Mills were sole respondents, proceeded on the theory of a fraudulent procurement of the transfer of complainant's stock. However, in other sections were averments of mental incapacity of the complainant, assignor. This bill went out on filing a "substitute bill" December 1, 1932. This bill brought in the receiver of Andalusia National Bank. A further amendment June 6, 1933, with lettered sections, brought in Reconstruction Finance Corporation as a party respondent. A still later amendment, October 12, 1933, amended certain sections of the substituted bill.

After the administratrix became complainant, January 13, 1935, she further amended the bill, and finally amended this amendment, September 28, 1935.

The substituted bill, with all later amendments, constituted the amended bill to which demurrers interposed by Reconstruction Finance Corporation were sustained. Hence, this appeal.

The gravamen of the bill as thus amended is the alleged insanity of J. A. Benton. The averments of the bill on this issue are

488

challenged by appellees on the ground that the averments of insanity are not sufficiently specific, and especially lacking in clear averment that said decedent was insane when he made the transfer in 1930.

In section 1, amendment of October 12, 1933, it is averred " * * * that at the time the signature of said J. A. Benton to the said certificate was procured, the said J. A. Benton did not possess sufficient mental capacity to understand the nature and consequence of his acts; * * * did not have sufficient mental capacity to know and understand what he was signing and that since the transfer of said certificate was signed the said J. A. Benton has not had sufficient mental capacity to recall or remember anything of the circumstances connected with the signing of the certificate, if he in fact signed same."

And in section 2: "Your complainant further avers that the said J. A. Benton obtained nothing of value on the said certificate; that at the time the said certificate purports to have been signed and at the time the said certificate was transferred on the books of the Opp Cotton Mills, continuous in the interim, and subsequent thereto, was non compos mentis, not having sufficient mental capacity to understand and appreciate the consequences of his acts in such or in any business transaction; that said transfer was fraudulent, without consideration and void."

Quite clearly, these and other like averments show insanity, non compos mentis, mental incapacity to contract at the time he made the transfer, signed the transfer on the certificate, upon which a transfer on the books, a new certificate, and all later assignments were based The original assignment of 1930 is the only one in which J. A. Benton is alleged to have participated in any way.

By this act, and the authority it conferred, he passed his property interest, that of a stockholder in the corporate enterprise, unless mentally incapacitated to contract.

But, if insane in such sort, under the long-established rule in Alabama the transaction was utterly void, the property is still his wherever found, and this, regardless of notice of insanity, or the passing of evidence of ownership to bona fide holders for value without notice of his ownership.

While this severe rule for the protection of the insane has been modified in the interest of bona fide purchasers and mortgagees of real estate, the same statute declares: "Except as provided in the preceding sections, all contracts of an insane person are void." Section 6824, Code 1923.

Thus, by statute, the existing law on transactions of the class here presented is recognized and sanctioned. Metropolitan Life Ins. Co. v. Bramlett, 224 Ala. 473, 140 So. 752; Walker v. Winn, Jr., Adm'r, etc., 142 Ala. 560, 39 So. 12, 110 Am.St.Rep. 50, 4 Ann.Cas. 537; Dougherty v. Powe, 127 Ala. 577, 30 So. 524; Head v. Lane et al., 186 Ala. 335, 65 So. 343; Hughes v. Bullen, 209 Ala. 134, 95 So. 379; Livingston v. Livingston et al., 210 Ala. 420, 98 So. 281; Alexander et al. v. Livingston, 206 Ala. 186, 89 So. 520; Galloway, Trustee v. Hendon, Guardian, 131 Ala. 280, 31 So. 603; American Bank & Trust Co. v. Benton et al., 230 Ala. 563, 161 So. 803. This had been the settled law prior to our statute supra. Dougherty v. Powe, supra; Wilkinson et al. v. Wilkinson et al., 129 Ala. 279, 30 So. 578; Galloway, Trustee v. Hendon, Guardian, supra.

While in the amended bill some reference is made to fraud, it is doubtful if complainant is trying to make a case of fraud as against Reconstruction Finance Corporation.

It is difficult to see, however, what other purpose is to be served by averments of notice by reason of common-law lis pendens, pendency of the suit at the time Reconstruction Finance Corporation acquired this stock from Andalusia National Bank.

We see no occasion to consider whether the doctrine of lis pendens should be applied to personalty not brought within the custody of the court, especially since the statutes which protect strangers to the suit through notice of lis pendens are limited to real estate. We merely note Patton et al. v. Darden, 227 Ala. 129, 148 So. 806; Winston v. Westfeldt, 22 Ala. 760, 58 Am. Dec. 278.

It is not averred the suit was pending when Andalusia National Bank acquired this stock. For this reason, if no other, the doctrine of lis pendens could not apply. Patton et al. v. Darden, supra. It affirmatively appears neither the Andalusia National Bank nor Reconstruction Finance Corporation were parties to the suit when the latter acquired the stock from the former. We do not consider the effect of this on the lis pendens doctrine.

Clearly enough, the amended bill makes no case for relief against demurrant on the ground of fraud, with or without the aid of notice by lis pendens.

But this does not affect the equity of the bill on the ground of insanity of the transferor.

This is not a bill in the alternative, one averring two states of fact in the alternative, asking relief on proof of either alternative and so rendering the bill subject to apt demurrer.

Cumulative averments, presenting a case under different aspects, may be bad in one aspect, but present manifest equity in the other. In such case, demurrers going to the equity of the bill as a whole should not be sustained. Such is this case. 8 Ala. Digest, Equity, page 528, § 232.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.