175 So. 288

## WHITE v. HALE.

### 6 Div. 69.

Supreme Court of Alabama.

June 17, 1937.

St. John & St. John, of Cullman, for appellant.

H. E. Mitchell, of Cullman, for appellee.

GARDNER, Justice.

The bill is by the guardian of a non compos mentis, and seeks the cancellation of a deed executed by his ward, prior to guardianship proceedings, to the defendant, her son.

The ground for cancellation is the alleged insanity of the grantor, the fraud and undue influence averred in general terms being referable solely to the matter of insanity, just as appears to have been the form of the bill considered in Wilkinson v. Wilkinson, 129 Ala. 279, 30 So. 578.

The ward is not a party; the guardian alone files the bill. The court would therefore be without authority to enter a decree binding upon the ward. Montgomery v. Duffey, 226 Ala. 26, 145 So. 420; Wallace v. Montgomery, 226 Ala. 25, 145 So. 419; Kelen v. Brewer, 221 Ala. 445, 129 So. 23; Upshaw v. Eubank, 227 Ala. 653, 151 So. 837; Silverstein v. First National Bank, 231 Ala. 565, 165 So. 827. These authorities fully discuss the question, and make note that section 5689, Code of 1923, has been consistently held inapplicable to suits in equity. The necessity of making the ward a party rests upon the principle that a decree in favor of the guardian, merely describing himself as such, would not be a decree in favor of the ward, and if the suit proved unsuccessful, would not protect the defendant from subsequent litigation by the non compos mentis, should his sanity be restored. As the question, however, has been so fully treated in these decisions, and the rule now so firmly established, further dissertation thereon is deemed entirely unnecessary.

The present bill ignores this rule, and cannot be sustained. Moreover, the bill contains no averment of possession, and for aught appearing the remedy at law by suit in ejectment is adequate for all purposes, for accepting as true the bill's averments, the deed is void and would fall in a court of law. Wilkinson v. Wilkinson, supra; Boddie v. Bush, 136 Ala. 560, 33 So. 826; Smith y. Roney, 182 Ala. 540, 62 So. 753.

As often here restated, inadequacy of a remedy at law is one of the foundation stones of equity jurisdiction, and it is a fundamental rule that before a complainant is entitled to relief in a court of equity he must have no plain and adequate remedy at law. Price v. Hall, 226 Ala. 372, 147 So. 156; Leath v. Lister, 233 Ala. 595, 173 So. 59; Altman v. Barrett, ante, p. 234, 174 So. 293.

The bill is without equity, and the demurrer was due to be sustained.

Let the decree be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.