196 So. 888

**HOLMES v. RILEY et al.**

6 Div. 644.

Supreme Court of Alabama.

June 6, 1940.

Rehearing Denied June 29, 1940.

C. H. Penick, Reuben H. Wright, and Ward W. McFarland, all of Tuscaloosa, for appellant.

DeGraffenreid & McDuffie, of Tuscaloosa, for appellees.

BROWN, Justice.

This appeal is from an interlocutory decree of the circuit court, sitting in equity, overruling the defendant's demurrer to the bill, as last amended, filed by appellees as heirs at law of B. F. Merrymon, deceased, against Merrymon's grantee, his daughter, in a deed executed by him February 26, 1937, conveying to her real property situated in Tuscaloosa County.

In one aspect the bill seeks a cancellation of the deed, a sale of the property for distribution of the proceeds of such sale to the heirs at law of Merrymon as their interest may be fixed by the statutes of descent and distribution. In another aspect the bill seeks a reformation of the deed so as to leave the title to the dwelling house in which the defendant was living at the time said deed was made to her, and impress the other property with a trust in favor of the complainants.

The demurrer takes the point that the bill does not aver that the complainants and the respondent are all the heirs at law; that the complainants have an adequate remedy at law; that it does not allege that the complainants are in possession, and does not allege that the deed did not give effect to the purpose and intention of the parties through mutual mistake, and others, too numerous to mention.

The bill, as originally filed, alleges that at the time of the execution of the deed "the said B. F. Merrymon was mentally unbalanced, his min [mind] was diseased, he was suffering from cancer, he was feeble minded, or he was insane, and * * * was unable to comprehend what he was doing when he signed said conveyance, and was unable to comprehend or understand the nature of his said acts in so doing. That fraud was exerted by the said Lula Merrymon Holmes, prior to and on the date of the execution of said conveyance; that the said B. F. Merrymon had been suffering from cancer for a long perior [period] of time prior to the execution of said conveyance and was a dope addict, or morphine addict, at the time of the execution of said conveyance, and was under the influence of narcotics or other drugs, at the time said conveyance was executed. That there was no consideration for the execution of said conveyance. * * * That at the time of the execution and delivery of said conveyance the said B. F. Merrymon was too blind to read, was deaf and could not hear, and was not men-

tally and physically well enough to understand what he was doing. That if the said B. F. Merrymon had any idea at all that he was signing any kind of conveyance, or any kind of paper, that it was his intention, if he intended to convey any property at all to the said respondent Lula Merrymon Holmes, to convey to her, either by will or deed, the dwelling house which she had resided upon since moving upon said property as above stated, and no other property was intended to be conveyed therein."

The bill was amended by adding the following averments:

"That Lula Merrymon Holmes, with knowledge of the condition of B. F. Merrymon as hereinbefore set out, did fraudulently induce B. F. Merrymon to sign the deed or conveyance of the said property, by representing to the said B. F. Merrymon that he was signing his will, when in fact he was signing said deed of conveyance. Complainants further allege that at the time the said B. F. Merrymon signed said deed or conveyance he could not read the said instrument and the said Lula Merrymon Holmes knew this fact, and falsely represented to him the contents and purpose of said instrument and the said B. F. Merrymon was fraudulently induced by Lula Merrymon Holmes to sign said instrument.

"Complainants further allege that Lula Merrymon Holmes, used and exerted undue influence on the said B. F. Merrymon, to get him to sign said deed or conveyance. The said B. F. Merrymon was old, sick, weak, and diseased and the said Lula Merrymon Holmes was present with him much of the time, nursed him, attended to his wants, and was in confidential relationship with him. Complainants allege that the said Lula Merrymon Holmes while in this confidential relationship with the said B. F. Merrymon exerted undue influence on him while he was in said sick and weakened condition and induced him to deed to her the aforesaid property for a nominal consideration. Said deed or conveyance showing on its face that Lula Merrymon Holmes was not a bona fide purchaser for value."

The appellant insists, in argument, that there is a non-joinder of parties, in that the children of Mrs. Minnie Florence Merrymon Manderson, deceased, are not made parties, either complainant or defendant.

■ It is a sufficient answer to this contention that it does not appear from the averments of the bill that such persons exist, and it is well settled that the question of non-joinder of parties will not be considered on appeal from an interlocutory decree on demurrer, unless such non-joinder appears on the face of the bill and the demurrer specifically points out the defect, naming the omitted necessary party or parties. Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2; Chapman et al. v. Hamilton et al., 19 Ala. 121.

It is next insisted that the allegations of the bill show that the said B. F. Merrymon was a non compos mentis when said deed is claimed to have been executed, and, the complainants being out of possession, have an adequate remedy at law by action of ejectment, or the statutory action in the nature thereof.

■ It is familiar law that deeds of conveyance of insane persons—persons non compos mentis—not founded on a valuable consideration, and without the influence of §§ 6822, 6823, of the Code, 1923, are void, and this may be shown either in an action at law or a proceeding in equity. Finklea v. Perryman et al., Ala.Sup., 195 So. 551; Livingston v. Livingston et al., 210 Ala. 420, 98 So. 281; Wilkinson et al. v. Wilkinson et al., 129 Ala. 279, 30 So. 578; Metropolitan Life Ins. Co. v. Bramlett, 224 Ala. 473, 140 So. 752.

■ The averments of the bill are clearly equivocal, as to whether the said Merrymon was insane—non compos mentis —or merely suffering from a disease which rendered him weak mentally and physically, and subject to the domination and control of the defendant, such domination and control eventuating in the execution of the deed. Construing the averments most strongly against the pleader, and the right which the bill asserts, the conclusion prevails that the said Merrymon was a non compos mentis, and the deed was void. Martin v. Cannon et al., 196 Ala. 151, 71 So. 996. Therefore, if the bill only sought a cancellation of the deed and a recovery of the property, it would be without equity. Wilkinson et al. v. Wilkinson et al., supra.

The bill seeks not only the cancellation of the deed, but a sale of the property for division among the heirs at law of said B. F. Merrymon, deceased. This could not be accomplished in an action at law, and,

the bill has equity to this end. Code 1923, § 9331; Waddell, Adm'r v. Lanier et al., 62 Ala. 347.

The bill, in the aspect that it seeks a sale for the distribution of the assets, is demurrable, not only for failing to allege that the property cannot be equitably divided without a sale, but for failing to show the interest of the alleged heirs, if the deed is declared void, or is annulled and set aside for fraud or undue influence, which is a species of fraud. Martin v. Cannon et al., supra. This defect was not pointed out by the demurrer. Code 1923, § 6553.

While it is well settled that a contract or conveyance may be reformed so as to make it conform to the intention of the parties, if its execution was the result of mistake of one of the parties and fraud on the part of the other, the bill does not bring the case within this principle for the reason that it does not aver that said Merrymon, deceased, intended to convey to the respondent any of said property, nor is there any basis for impressing the property with a trust in favor of the complainants. This aspect of the bill is clearly without equity. The general demurrer "that there is no equity in the bill" was not interposed to the bill, or to either of its aspects. Code 1923, § 6553.

The bill was not subject to any of the stated grounds of demurrer and the decree overruling the demurrer is due to be affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.