18 So.2d 275

### SCOTT v. LEIGEBER et al.

#### 6 Div. 210.

Supreme Court of Alabama.

May 25, 1944.

Griffith & Entrekin, of Cullman, for appellant.

Earney Bland, of Cullman, and S. A. Lynne, of Decatur, for appellees.

FOSTER, Justice.

This appeal is from a decree of the equity court sustaining the demurrer to the bill as amended on September 24, 1943. Appellant has assigned not only that decree but other interlocutory orders of the court. They relate to rulings on a motion for a new trial and rehearing of a decree overruling demurrers to the bill as it then stood. Appellant demurred to the motion. The demurrer was overruled, and on September 24, 1943, the court granted the motion, and on further consideration of the demurrer sustained it as to grounds "3–a" and "15–a", and otherwise overruled it. Thereupon complainant on that day amended the bill by striking that feature of it to which grounds "3–a" and "15–a" were directed. Additional grounds of demurrer were assigned to the bill as thus amended: the demurrer was then sustained.

It is from that decree that this appeal was prosecuted.

When an appeal is taken from an interlocutory decree, prior interlocutory decrees are not assignable for error, unless those decrees are such as are appealable, and were rendered within the thirty-day period to the time of the appeal. Owen v. Montgomery, 230 Ala. 574, 161 So. 816; Fogleman v. National Surety Co., 222 Ala. 265, 132 So. 317; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502 (4); Lampkin v. Strawbridge, 243 Ala. 558, 11 So.2d 130.

An interlocutory decree is subject to modification or change at any time before final decree. Carter v. Mitchell, 225 Ala. 287 (21), 142 So. 514; O'Rear v. O'Rear, supra; Ex parte Bozeman, 213 Ala. 223, 104 So. 402; Ex parte King, 230 Ala. 529 (3), 162 So. 275.

Rule 62, Equity Practice, Code 1940, Tit. 7 Appendix, was not intended to regulate or limit the power of a court of equity to modify or set aside an interlocutory decree, nor to grant the right of appeal from an order doing so. That rule was evidently intended to put the equity procedure for a new trial on a basis resembling more closely procedure at law in that respect. See, Johnson v. Foust, 242 Ala. 659, 7 So.2d 864.

A demurrer to a motion to set aside or modify a decree is inappropriate, and a ruling on it is not reviewable. Linn v. Linn, 242 Ala. 688, 8 So.2d 187.

The first two assignments of error are controlled by the foregoing discussion and cannot be considered.

The only matter which we can consider is the ruling on demurrer to the bill as amended on September 24, 1943. Piecing together the several amendments to the bill so as to state its status at the time the demurrer was sustained, we find it to be about as follows: Virgil Scott, a non compos mentis, by R. E. Scott, his guardian, is complainant in equity, praying that the court will cancel deeds executed by him to J. W. King, and the conveyances out of J. W. King to respondents upon the ground that at the time he executed the deeds to J. W. King, he was of unsound mind, and not capable of transacting any business nor of conveying the land. That complainant

is in possession of the land as alleged in paragraph 10 of the original bill, but in the amendment filed January 18, 1938, it is alleged in paragraph "E" that R. E. Scott as guardian of Virgil Scott is now in actual possession of a great portion of said land and is entitled to possession of it all; that all the respondents had knowledge of the mental incapacity of complainant at the time they obtained title to the different portions of such real estate.

We must treat the bill on demurrer in a light most unfavorable to complainant. We cannot therefore construe its several allegations to mean that complainant is in possession of all the land, but only an undescribed "great portion" of it. So that the question is whether the bill to which demurrer had been overruled twice, was after all subject to the demurrer, which was finally sustained.

Before doing so, we will observe that if there is any insufficient description of the land in the deed to complainant, it is immaterial in this suit. Complainant's grantee is estopped to deny his title as it existed at the time of the conveyance, and so are his subpurchasers. They cannot claim under a deed from complainant and then insist that complainant had no title in a suit to cancel the deed because complainant was a non compos mentis. Ware v. Dewberry, 84 Ala. 568, 4 So. 404; Lewis v. Watson, 98 Ala. 479, 13 So. 570, 22 L. R.A. 297, 39 Am.St.Rep. 82; St. Clair Springs Hotel Co. v. Balcomb, 215 Ala. 12, 138 So. 858; Wall v. Hill's Heirs, 1 B. Mon., Ky., 290, 36 Am.Dec. 578.

The amendment which refers to the deed to complainant wherein it is claimed that the description is insufficient was withdrawn. The insufficienecy of that deed has no proper place in this cause; and is not involved upon a consideration of the demurrer to the bill which was sustained.

The deeds to J. W. King by Virgil Scott sought to be set aside January 13, 1928 and January 14, 1928, are controlled in respect to the grantor's insanity by sections 6822 and 6824, Code of 1923 (sections 41 and 43, Title 9, Code of 1940). The latter deed is alleged to have been to correct an error in the description. The bill alleges that J. W. King, the grantee of complainant, had notice of complainant's insanity at the time of its execution. Therefore the deed was absolutely void as to him. Ivey v. May, 231 Ala. 339, 164 So. 732.

And also void as to his grantees, whether they had notice and paid value or not. Hood v. Holligan, 229 Ala. 539, 158 So. 759; Livingston v. Livingston, 210 Ala. 420, 98 So. 281.

If such a grantor is out of possession, he has an adequate remedy by an action of ejectment at law. Holmes v. Riley, 240 Ala. 96, 196 So. 888; Wall v. Hill's Heirs, 1 B.Mon., Ky., 290, 36 Am.Dec. 578. And under such circumstances, equity will not ordinarily grant relief. Holmes v. Riley, supra; Wilkinson v. Wilkinson, 129 Ala. 279, 30 So. 578; White v. Hale, 234 Ala. 385, 175 So. 288.

The bill alleges that complainant's grantee, King, conveyed twenty acres to Ocie McDonald and wife; sixty acres to Leigeber; and a small lot to Ed Goodwin and wife whose description and size are set up so as to make it indefinite to one not familiar with the metes and bounds, but said to be in the NW 1/4 of NW 1/4, Section 20, Township 11, Range 3, which is not in the deed by complainant' to King. It appears from the deeds that King has not sold forty-three acres. Respondent Mackentepe has an answer, and in it he is seeking to enforce a mortgage on the Ocie McDonald twenty acres transferred to him by King, and a tax lien on the same land, but he does not make it a cross-bill. This appeal presents no question as to that.

That status leaves Ocie McDonald and wife as grantees of twenty acres, and Leigeber of sixty acres; with forty-three acres still in King. The bill does not allege whether complainant is in possession of the McDonald or Leigeber land, or the forty-three acres unsold by King. But that he is now in "actual possession of a great portion of said land."

The bill should be more precise in its averment as to the possession of the land with description of that of which he has possession, so that the court can determine from its averments what he means by a great portion. It does not show that restitution or an adjustment under section 6822, supra, is necessary.

The equity of the bill, if it has equity, is founded on a claim that the deed to King is void because of the grantor's insanity. To support its equity as framed, it is necessary that complainant be in possession of at least a substantial portion of it, so that ejectment will not lie to recover it. If that status is shown, equity

will grant relief as to that portion thus in complainant's possession. But equity does not render justice by halves. It will be necessary to set aside the deed to King to grant relief as to that portion of it in possession of complainant. That will affect the rights and claims of the other respondents, and equity does not favor several suits to settle one question. The suit has one main purpose, to vacate the deed. It is proper for all persons claiming under it to be made parties, although if separately considered a suit in ejectment might lie as to some of them. The grounds of demurrer are sufficient to justify the decree sustaining it on the theory that the allegations of complainant's possession are vague and uncertain, and that part of it is not in any respect described nor attempted to be.

It is quite difficult to piece the bill and all its amendments to get a composite picture of the status of the record. Dates are omitted, alleged exhibits are omitted; instruments appear having no apparent relevancy; decrees on demurrers are set aside and new rulings made. The last decree sustaining the demurrer is well supported. It allows complainant to amend in twenty days. The amendment could be a substituted bill drawn with accuracy and precision so as to present the matter in clear perspective. Complainant will be allowed twenty days from the judgment of this Court to do so.

The decree is affirmed, and complainant may amend in twenty days from this judgment, and if not, the trial court shall make such decree as necessary to dispose of the cause.

Affirmed.

GARDNER, C. J., and THOMAS, BROWN, LIVINGSTON, and STAKELY, JJ., concur.